**John Newton MADDOX, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 58402.**

Court of Criminal Appeals of Texas,
Panel No. 2.

Dec. 19, 1979.

E. R. Norwood, C. T. Hight, Liberty, for appellant.

Carroll E. Wilborn, Jr., Dist. Atty. and Elliott Knott, Asst. Dist. Atty., Liberty, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This appeal follows conviction for the offense of murder wherein the jury assessed appellant's punishment at confinement for life in the Texas Department of Corrections.

Appellant presents six grounds of error, five of which attack the validity of his prior convictions on the ground that he was an indigent at the time of conviction in each prior cause, did not have counsel and did not intelligently waive his right to same; and, further, that the trial court erred in failing to grant his timely motion for a mistrial after the prosecutor asked appellant a manifestly improper question on cross examination. For reasons more fully developed below, we overrule these contentions and, accordingly, affirm the judgment of conviction.

In grounds of error one through five, appellant advances the contention that the trial court erred in allowing the State to introduce evidence of his 1960 felony convictions in Frio, Atascosa, and Medina counties inasmuch as he, at the time of said convictions, was indigent, did not have counsel present and did not intelligently waive his right to same.

The record reflects that the trial court held a hearing outside of the presence of the jury to determine if appellant's allegations that he was uncounselled at his prior felony convictions were substantiated. Appellant testified at this hearing that he pled guilty to several assaultive and theft offenses in Frio, Medina, and Atascosa counties in 1960 and that he was, at that time, indigent and unrepresented by counsel. He recounted that a man visited him in jail and told him he was going to be his attorney and represent him, and informed appellant he would take the latter's suit to have it pressed. Appellant asserted that that was the last time he saw either the man or his suit. He further testified that counsel was not present at any stage of the proceedings and that he had recently turned twenty at the time he entered pleas.

To rebut his assertion that appellant had not been represented by counsel, the State cross examined him further about the circumstances and introduced several exhibits, including a pen packet, consisting of papers in the various causes. Against a background of undisputed facts, certain admissions by appellant and other material, we now develop a factual situation that justified the rulings of the trial court.

Until he changed it the surname of appellant was Huddleston, and the papers in the 1960 causes bear that name. His partner in one or more of these crimes was Richard Wayne Jacobsen.[1] On or about April 14, 1960, in Frio County one R. E. Malone was assaulted with intent to murder and his 1960 model automobile was taken from him at the point of a pistol; also on the same

---

1. While the documentary evidence is not all that clear, appellant identified Jacobsen as his companion "in these indictments charged with these various offenses" who plead guilty at the same time appellant did. Appellant "didn't think" Jacobsen was represented by an attorney.

day in Medina County one Marvin Hass was assaulted and four hundred dollars was taken from him at the point of presumably the same pistol. About six days later in Frio County an automobile was stolen from another party. On a day not revealed in the record in Atascosa County something of value in excess of fifty dollars was taken from someone. We do not know when appellant was apprehended, but he recalled that he was first incarcerated in Pearsall, which is the county seat of Frio County.

Frio and Atascosa counties were then, and still are, in the 81st Judicial District;[2] the duly elected and presiding judge of which was, until his recent retirement, Honorable John F. May; Honorable J. Taylor Brite was the District Attorney. Medina County was then, and still is, in the 38th Judicial District;[3] the duly elected and presiding judge of which was, until his appointment to the Supreme Court of Texas, Honorable Ross E. Doughty; Honorable R. S. Crawford, Jr. was the District Attorney. On all but the Atascosa County papers, their respective signatures appear in appropriate places.

May 24, 1960, indictments were returned against appellant by the Frio County grand jury as follows:

    No. 2315: Robbery by Assault, use of Firearm (Malone)

    No. 2316: Assault with Intent to Murder (Malone)

    No. 2317: Theft of Property over Fifty Dollars (Jorgensen)

May 30, 1960 is the common date on the docket sheet and plea papers in each case. On each docket sheet in the space for name of attorney for defendant is entered "George Middaugh;" each waiver of ten days to prepare for trial bears, just below that of appellant, what purports to be the signature of "George I. Middaugh." From

the Texas Legal Directory we know that presently an attorney by that name is listed in Cuero, DeWitt County.[4]

In No. 2315, the robbery by assault with firearm, the first entry on the docket sheet recites that granted was the motion of District Attorney Brite to delete from the indictment the allegation of aggravation by exhibiting a pistol; that done appellant, having executed a written statement of desire to enter a plea of guilty and waive trial by jury, plead guilty. He and his attorney previously waiving ten days for preparation in writing, it stretches credulity to suggest that Middaugh then left the courtroom without further ado and was not standing with appellant as the trial court took his plea. Indeed, to the contrary, the judgment reports "his counsel also being present." We are satisfied beyond any reasonable doubt that the Frio County guilty pleas and convictions were had with assistance of counsel, namely, George I. Middaugh, Esq. Thus were the three Frio County cases disposed of by Judge May, all on May 30, 1960. Appellant was remanded to custody of the sheriff.

June 7, 1960 the Medina County grand jury returned its indictment against appellant and his companion for robbery of Marvin Hass by firearm. A bench warrant addressed to the sheriff of Frio County was issued by Judge Doughty to the end that they be produced for trial on Friday, June 10, 1960; it was executed June 7, 1960 by transferring them to the Medina County Jail in Hondo. June 8, 1960 appellant was served with the indictment in Cause No. 3855. All further proceedings in the cause were held on the date set for trial, June 10, 1960. The first docket sheet entry was made that same day and reads, in pertinent part:

---

2. Article 199, V.A.C.S.

3. Ibid.

4. If this Court may take judicial notice of the fact that an attorney is licensed in Texas, Hunnicutt v. State, 531 S.W.2d 618, 623 (Tex.Cr. App.1976), we should not be inhibited from noticing the name and address of one listed in

the official legal directory of the State Bar of Texas. See generally 1 Texas Practice 171 ff., Evidence, McCormick & Ray, § 152. Similarly we judicially know from available records that circa 1960 a licensed attorney named George I. Middaugh listed his address as a post office box number at Poteet, Atascosa County.

"Francis Richter,[5] Esq., *appointed* to represent Jacobsen and appeared and announced ready, *Huddleston in person and by attorney* announced ready . . ."[6] Here again, as in Frio County the week before, but with a different district attorney, appellant executed a written notification of his desire to plead guilty and waive trial by jury,[7] and District Attorney Crawford then waived in writing that portion of the indictment alleging aggravation by using and exhibiting a pistol. Appellant and Jacobsen both pled guilty and Judge Doughty accepted the pleas, heard evidence, adjudged each guilty and assessed identical punishment. Acknowledging in his testimony given in the instant case that Jacobsen entered a guilty plea at the same time, appellant nevertheless professed not to know whether Jacobsen was represented by counsel. We are persuaded that a trial judge careful enough to appoint counsel for Jacobsen did not name one for appellant because he already was represented by one.[8] Indeed, in addition to the docket recitation that he was, both the judgment and sentence report "his counsel also being present." In the latter Judge Doughty also noted May 30, 1960 as the date of confinement with respect to that offense and gave credit of 12 days.

Admittedly, documentation of the Atascosa County conviction for theft over fifty dollars is slim. In the record before us there are the judgment and sentence in Cause No. 4027, and though neither bears a name or signature of a presiding judge, appellant provided enough information in his testimony for a deduction that Judge May was in Jourdanton, as he had been earlier in Pearsall.[9] June 13, 1960 is the date of the judgment and of the sentence, which would be the Monday following the Medina County proceedings the Friday before, and some two weeks since appellant had appeared and plead in front of Judge May in Medina County, in the presence of District Attorney Brite. In other words, all the players were the same except, appellant would have it, his attorney. Yet, the judgment reports his appearance "by counsel" and twice more that he was duly or properly "represented by counsel," although the space for the name of the lawyer is blank; the sentence, which does not contain similar recitations, shows clearly that it was imposed the same day.

Appellant was received at the Texas Department of Corrections the following day, June 14, 1960, his sentences to begin May 30, 1960.

It is in the face of the evidence detailed above and deductions and permissible inferences therefrom that appellant insists the five pleas in three counties were uncounselled.

The mere fact that the form recitals in those judgments and sentences note that he was "duly represented by counsel," reasons appellant, in no way rebuts his own showing that counsel was not present. There is no showing, he continues, that counsel was present at the Atascosa County hearing especially given the absence of counsel's name in the blank therefor. Moreover, it is argued, more likely than not appellant was not furnished appointed counsel on an undisclosed showing of indigency some three years before the seminal decision of *Gideon*

---

5. The Texas Legal Directory lists Francis C. Richter, III in Hondo, Medina County.

6. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

7. When asked if he ever talked to a lawyer in Hondo, appellant answered that he had not and added that the only time he talked to anyone was "they brought some papers over to the jail for me to sign before we went over to court," explaining that occurrence was on the morning before he went to court that afternoon.

8. That he had counsel in Medina County is all the trial court below was required to find, and we believe the evidence supports that finding.

9. Appellant correctly believed him to be a "circuit judge of two or three counties," faced him in two places, Pearsall and Atascosa, and gave a physical description of him that we need not reiterate. Suffice it to say from all other facts and circumstances we are satisfied that Judge May presided over his own court in Atascosa County.

*v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) required it.[10]

▇▇ It is, of course, well settled that the testimony of an appellant is insufficient to overcome either the presumption of regularity of public records or the recitations contained in the judgment that counsel was present when the plea was entered and appellant sentenced. *Lopez v. State*, 574 S.W.2d 563 (Tex.Cr.App.1978); *Glover v. State*, 566 S.W.2d 636 (Tex.Cr.App.1978); *White v. State*, 517 S.W.2d 543 (Tex.Cr.App. 1974). This notion is a corollary of the doctrine that the burden of proof is on the appellant to show that he was denied the right to counsel, or that he was without counsel, was indigent and did not voluntarily waive his right to counsel during those proceedings relating to his prior convictions. *Mendoza v. State*, 552 S.W.2d 444 (Tex.Cr. App.1977); *Boss v. State*, 489 S.W.2d 580 (Tex.Cr.App.1972); *Clark v. State*, 496 S.W.2d 83 (Tex.Cr.App.1973).

▇▇ In his brief appellant acknowledges that in Frio County the docket entry and written waiver of time to prepare "mention the name of a counsel that supposedly represented Appellant" but argues, as we understand it, that this and the recitations in printed standard forms of judgment and sentence does not satisfy the rule announced in *Gideon v. Wainwright*, supra. But, if the record is sufficient to support the findings of the trial court below in the instant case, then the *Gideon* requirement is met. That particular waiver, made at the beginning of the disposition of a string of cases, demonstrates that appellant was then represented by counsel, as we have already found *ante*. But it also raises the interesting question of whether Middaugh was appointed or retained. Appellant, as indicated, points to practice in pre-*Gideon* times of rarely appointing counsel for the indigent, yet, as we have just shown in note 10, supra, representation by an attorney, either retained or appointed, was a mandatory condition precedent to waiver of trial by a jury in a guilty plea.[11] Furthermore, if counsel were appointed for an indigent accused, since 1957 he "shall have at least ten (10) days to prepare for trial" unless, after 1959, that preparatory time was waived in writing by the attorney *and* the accused, see Historical Note following Article 26.04, supra. In other words, unless he was acting as recently appointed attorney for appellant there was no reason for Middaugh and appellant to execute the ten day waiver. Thus, we are permitted the inference that, if not appointed, Middaugh was representing appellant in a status that caution suggested he and appellant agree to and sign the ten day waiver.

In Medina County the docket does not identify the attorney who appeared, but we cannot find that he was appointed by *Judge Doughty*; had he been, that notation certainly would have been made, just as it was in appointing Richter to represent Jacobsen. Accordingly, there was no occasion for whoever was representing appellant without appointment from Judge Doughty to execute a ten day waiver. The record, however, satisfactorily demonstrates that appellant was represented.[12]

---

10. What appellant overlooks is that in Texas appointment of an attorney, especially in plea hearing where a jury is waived, as here, has roots much deeper than *Gideon v. Wainwright*, supra. Since 1931, the predecessor to, and now, Article 1.13, V.A.C.C.P., has mandated appointment as a condition of agreeing to waiving a jury, see Historical Note; trial of certain offenses also dictated appointment of counsel, see Interpretative Commentary following Article 26.04, V.A.C.C.P.

11. Prior to the effective date of the present Code of Criminal Procedure, neither an accused nor his attorney was required to execute a written waiver of trial by jury. It was sufficient that it be made in open court by the accused in person with written consent and approval signed by the prosecuting attorney filed in the papers of the cause, as the record here shows was done in Frio and Medina counties, and consent and approval of the trial court entered in the Minutes of the Court. Article 10a, 1925 Penal Code, replicated in Historical Note to Article 1.13, supra. See generally *Ex parte Ross*, 522 S.W.2d 214, 222–223 (Tex.Cr. App.1975).

12. If allowed to speculate, we would say Middaugh.

Finally, as to Atascosa County, it is true that a name has not been entered in the space provided for it in the judgment and that no reference to presence of counsel, named or otherwise, is made in the sentence. Because of these omissions, coupled with his testimony of lack of representation, appellant would have it believed that the cautious Judge May and meticulous District Attorney Brite, who protected his rights and made their records so reflect just two weeks earlier, put him in the dock in Jourdanton without counsel to "railroad" him to the penitentiary.[13] The trial court was not obliged to accept his testimony and believe the applicable law was not followed in Atascosa County just like it was in Frio County by the very same judge and officers of the court. His credibility, rapidly plummeting by the time he got around to Atascosa County, was not correctively elevated there.

Considering that several judges, court officers and other officials were involved, that five cases in three counties were handled in the course of just two weeks—four of them we know from indictment to sentence—and the clear indicia of plea negotiations with separate prosecutors, culminating in appellant being transported to T.D.C. the very next day, that appellant not only had the guiding hand of counsel throughout but also that the same counsel orchestrated the events from beginning to end, is almost inescapable.

■ In sum, appellant's testimony alone was not sufficient to disprove the recitations in court papers proffered by the State. In the absence of further proof, which appellant did not offer,[14] we adhere to our consistent holdings that bald assertions by an accused that he was without counsel at

his prior convictions are insufficient to overcome the presumption of regularity of the records that were before the trial court in this case. See *Reeves v. State*, 500 S.W.2d 648 (Tex.Cr.App.1973); *Perkins v. State*, 493 S.W.2d 851 (Tex.Cr.App.1972); *Harvey v. State*, 485 S.W.2d 907 (Tex.Cr. App.1972); *Martinez v. State*, 469 S.W.2d 185 (Tex.Cr.App.1971); *Blake v. State*, 468 S.W.2d 400 (Tex.Cr.App.1971). Appellant's grounds of error one through five are overruled.

■ In ground of error number six, appellant contends that the trial court erred in failing to grant his timely motion for a mistrial after the prosecutor asked appellant on cross examination what appears to have been intended to be a sarcastic rhetorical question. The complained of colloquy transpired after appellant asked whether he was in actual fear of bodily harm from his late wife, replied that she "stabbed her last husband or the last man she was living with." The prosecutor then asked appellant if he would like to put anything else in the record concerning his deceased wife's immoral character. When the appellant responded that he was confused by the prosecutor's question, the prosecutor asked, "She didn't operate the gas chambers in Germany, did she?" Appellant's objection was sustained, a prompt instruction to the jury to disregard was given and appellant's motion for mistrial was overruled.

However, distasteful and crude though they were, the trial court's prompt instruction to disregard cured the error. We believe the complained of question was not so inherently prejudicial as to suggest the impossibility of withdrawing the impression created in the minds of the jury.[15] *Caven-*

---

13. In the theft of fifty dollars case in Atascosa County the punishment assessed, ten years, matched that for the same offense in Frio County and was lower than punishment assessed in any of the three other cases.

14. A simple pretrial inquiry to the Cuero George Middaugh would surely have revealed his role in the matters; if helpful to him, appellant was then free to obtain and use the testi-

mony of Middaugh, either directly from the witness stand or through deposition.

15. We note that the question itself was not directed at appellant, cf. *Cavender v. State*, infra, but was instead asked in response to appellant's testimony as to his wife's low moral character. Though this fact does not lessen our distaste for such trial tactics, it is added support for our holding above that the trial court's prompt instruction cured any error.

*der v. State,* 547 S.W.2d 601 (Tex.Cr.App. 1977); *Young v. State,* 547 S.W.2d 23 (Tex. Cr.App.1977); *Hicks v. State,* 545 S.W.2d 805 (Tex.Cr.App.1977). Appellant's sixth ground of error is overruled.

The judgment is affirmed.