Joe Allen **DISHEROON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 64827.

Court of Criminal Appeals of Texas, En Banc.

March 27, 1985.

Floyd D. Holder, Jr., Lubbock, for appellant.

John T. Montford, Dist. Atty. and Jim B. Darnell, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

OPINION

McCORMICK, Judge.

This is a direct appeal from a conviction for the aggravated robbery of a pharmacy clerk in Lubbock County. The jury assessed punishment at ninety-nine years' confinement in the Texas Department of Corrections. The sufficiency of the evidence is not challenged.

Joe Allen Disheroon was initially indicted for aggravated robbery with two enhancement paragraphs alleging previous felony convictions for burglary and swindling by worthless check. See V.T.C.A., Penal Code, Section 12.42. Although the State later "dropped" the enhancement paragraphs of the indictment, the district attorney introduced proof of the prior convictions into evidence at the punishment stage of trial as part of appellant's "prior criminal record." Article 37.07, Section 3(a), V.A.C.C.P. Appellant contends the trial court erred in admitting his 1965 felony worthless check conviction, Cause No. 3284–B, from Taylor County. Specifically, Disheroon argues that the felony worthless check conviction is void because he was not represented by counsel in 1964–65 when he pled guilty to two misdemeanor worthless check charges that were used to enhance Cause No. 3284–B to a felony.

The progeny of the United States Supreme Court's decision in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), designed to enforce the Sixth Amendment right to counsel, form the basis for appellant's argument. In *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the Court held:

"... absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." Id. 407 U.S. 37, 92 S.Ct. 2012, 32 L.Ed.2d 538.

The rule of *Argersinger* is retroactive, *Berry v. Cincinnati,* 414 U.S. 29, 94 S.Ct. 193, 38 L.Ed.2d 187 (1973), but limited in misdemeanors to those cases where the defendant is actually sentenced to jail. *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). However, an uncounseled misdemeanor conviction without jail sentence cannot be used to enhance a penalty so as to convert a subsequent misdemeanor to a felony with a prison term. *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). See also, *Ex parte Olvera,* 489 S.W.2d 586, 589 (Tex. Cr.App.1973) (where accused is indigent, without counsel, and does not waive same, conviction is void and cannot be used for enhancement of punishment for another offense).

■ Prior to 1972, a defendant's right to counsel in a misdemeanor proceeding was not generally recognized in all jurisdictions. See, *Argersinger v. Hamlin,* supra. Therefore, appellant's counsel in Cause No. 3284–B in 1965 could not be expected to object to the enhancing misdemeanors on that basis, and appellant is not precluded by our decision in *Hill v. State,* 633 S.W.2d 520 (Tex.Cr.App.1982) from raising the issue now. However, appellant has the burden to prove that *with respect to the enhancing misdemeanors* (1) he was indigent, (2) he was without counsel, and (3) he did not voluntarily waive the right to counsel. See, *Chancy v. State,* 614 S.W.2d 446, 447 (Tex.Cr.App.1981); *Maddox v. State,* 591 S.W.2d 898, 902 (Tex.Cr.App.1979) cert. denied 447 U.S. 909, 100 S.Ct. 2994, 64 L.Ed.2d 859 (1980); *Bray v. State,* 531 S.W.2d 633, 634 (Tex.Cr.App.1976).

Before the State "dropped" the enhancement paragraphs from appellant's indictment, the trial court held a hearing on the appellant's motion to quash. At the hearing the parties delved into the question of admitting the allegedly void felony conviction. Appellant testified that the value of the check on which the felony was prosecuted was $10.00 and that the two underlying prior worthless check convictions were misdemeanors. According to Disheroon, he was not represented by counsel when he entered guilty pleas prior to the felony plea in January, 1965 (Cause No. 3284–B). He was not aware he had a right to an attorney when he entered the pleas and did not affirmatively waive his right to an attorney. He was indigent and received jail time on one of the earlier misdemeanors, but did not remember the length of the jail sentence or the specific misdemeanor for which jail time had been assessed. The prosecution on cross-examination established that in 1965 appellant was 18 or 19 years old, married with two children, employed as a carpenter's helper at $2.75 an hour, rented a furnished house and owned a car. Thus, according to the district attorney, he was not indigent. The trial judge ruled the conviction admissible, noting that the copy of judgment in Cause No. 3284–B was regular on its face and recited that appellant appeared with counsel. No records of the enhancing misdemeanors were made available to the court.

■ Appellant's testimony alone fails to meet the burden of showing indigency, lack of counsel and lack of waiver. As in *Maddox,* we find

"appellant's testimony alone was not sufficient to disprove the recitations in court papers proffered by the State. In the absence of further proof, which appellant did not offer, we adhere to our consistent holdings that bald assertions by an accused that he was without counsel at his prior convictions are insufficient to overcome the presumption of regularity of the records that were before the trial court in this case." *Maddox v. State,* supra, and cases cited therein.

In sum, appellant must show that he was without counsel by some evidentiary vehicle other than simply his own testimony. To hold otherwise would allow the mere assertions of a defendant to invalidate convictions obtained nearly twenty years ago. Ground of error number one is overruled.

■ Disheroon also contends the State was barred by the doctrine of collateral estoppel from relitigating the issue of the validity of Cause No. 3284–B because a

court had previously ruled the conviction void and inadmissible at an earlier trial of another offense. See *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). A bill of exception appears as part of the papers in the transcript of this cause, No. 20,015, and the text is as follows:

"Be it remembered that prior to the trial of the above entitled cause, the Defendant, Joe Allen Disheroon, was tried for the offense of aggravated robbery in Cause No. *20016*, Hon. Robert C. Wright presiding under an exchange of bench, the trial being conducted on August 22 and August 23, 1979, the State of Texas appearing by the Criminal District Attorney, Lubbock County, Texas.

"Be it further remembered that at the trial of said cause, Defendant Joe Allen Disheroon moved the order of the court to rule, outside the presence of the jury, whether or not a prior conviction for swindling by worthless check in Taylor County, Texas was valid. Upon motion by the defendant, after the presentation of testimony outside the presence of the jury, the court found and held that the conviction was void and not admissible either for impeachment purposes or for purposes of enhancement. The State of Texas was present and fully represented at this hearing.

"Be it further remembered that the same conviction found and held to be void at the prior trial was subsequently offered by the State of Texas and admitted into evidence over defendant's objection at the trial of the above styled and numbered cause.

"Defendant now tenders this bill of exception on the issue of whether or not the State of Texas was barred by the doctrine of collateral estoppel from again litigating the issue as to the validity of the aforesaid prior conviction having once been found and held void, and asks that it be approved and ordered filed as part of the appellate record herein."

The bill of exception was filed with the clerk within the time prescribed in Article 40.09, V.A.C.C.P., and was unqualifiedly approved by operation of law by the trial court's failure to act upon it.

Unfortunately, the bill of exception is ineffective to present any question for review. No objection to the introduction of the prior conviction based on the doctrine of collateral estoppel was made in the instant case. Nothing is presented for review. Ground of error number two is overruled.

The judgment is affirmed.

TEAGUE, Judge, concurring.

This case represents a perfect example of why *Garza v. State*, 622 S.W.2d 85 (Tex.Cr.App.1981), should be expressly overruled by this Court. *Garza* held that *this* Court's members may not review *this* Court's records when considering a case involving the same defendant. Because of *Garza v. State*, supra, this Court is unable to properly address appellant's contention that because of the doctrine of collateral estoppel the trial court was precluded from relitigating the validity of a prior felony conviction appellant had sustained.

This Court's records reflect that this is the second appeal from Lubbock County that this Court has considered involving Joe Allen Disheroon, appellant. This Court just recently affirmed his conviction for committing another aggravated robbery. See *Disheroon v. State*, 653 S.W.2d 823 (1983). It was what occurred in that cause that gives rise to appellant's contention that the State was precluded from using in this cause a prior felony conviction for punishment purposes.

The "Bill of Exception" that appellant filed in this cause comports in all things with what occurred in the trial that was conducted by the Hon. Robert C. Wright in the 137th Judicial District Court of Lubbock County in April of 1979. In that cause, appellant had been indicted as an habitual criminal. One of the prior felony convictions that was alleged had been elevated to the status of a third degree felony by virtue of two prior misdemeanor convictions. Appellant asserted in that cause

that that felony conviction could not be used for punishment purposes because the two prior misdemeanor convictions were void. He asserted and proved that he did not have counsel, did not waive his right to counsel, was indigent, and was not warned of his right to counsel. After a hearing that was held before Judge Wright, Judge Wright agreed with appellant and ruled that the prior felony conviction was inadmissible evidence. The record of that cause reflects that the State was represented by Assistant District Attorneys Rick Howell and Mark McBride. Appellant was represented by attorneys Floyd Holder and Sam Medina. Appellant was convicted and his punishment was assessed at thirty-three (33) years' confinement in the penitentiary. As noted, that conviction was subsequently affirmed by this Court.

In October, 1979, appellant was tried in this cause before the Hon. John T. McFall, which trial also occurred in the 137th Judicial District Court of Lubbock County. The State was represented by then District Attorney John T. Montford and Assistant District Attorney Mark McBride, who presumably was the same McBride as in the first trial. The appellant was again represented by Holder. Thus, one of the prosecuting attorneys and one of the defense attorneys were one and the same as in the former trial. Of course, appellant was one and the same defendant. The indictment in that cause also alleged that appellant was an habitual offender. One of the prior felony convictions was the same one that Judge Wright had ruled was void and inadmissible evidence. Although no reference was made to the above ruling that Judge Wright had made, appellant, nevertheless, attacked in this cause the same prior felony conviction on the same grounds as before. This time, however, Judge McFall ruled against appellant and admitted the prior felony conviction into evidence at the punishment stage of the trial. The majority correctly points out that the State dropped the enhancement paragraphs of the indictment in this cause. However, the State did introduce into evidence at the punishment stage of the trial the challenged prior felony conviction. Appellant was convicted and his punishment was assessed by the jury at ninety-nine (99) years' confinement in the penitentiary.

The majority correctly states that prior felony convictions cannot be used either to enhance the punishment or for punishment purposes in general where such convictions are subsequently rendered void upon a determination that the accused was denied his Sixth Amendment right to counsel. *Ex parte Cooper*, 493 S.W.2d 810 (Tex.Cr.App. 1973). Of course, the same principle of law carries over to misdemeanor cases when the accused faces a substantial punishment. *Ex parte Olvera*, 489 S.W.2d 586 (Tex.Cr.App.1973).

In implicitly rejecting the appellant's formal bill of exception, the majority totally overlooks the fact that because of the fundamental nature of the double jeopardy clauses of the respective Constitutions, jeopardy can be raised for the first time on appeal or even through a postconviction writ of habeas corpus. Therefore, such a plea is not waived merely because the defendant failed to object at trial, failed to comply with state statutes regarding special pleas, or pleads guilty to the offense. *Menna v. New York*, 423 U.S. 61, 62–63, fn. 2, 96 S.Ct. 241, 242, fn. 2, 46 L.Ed.2d 195 (1975); *Pleasant v. State*, 577 S.W.2d 256, 257 (Tex.Cr.App.1979); *Ex parte Jewell*, 535 S.W.2d 362, 365 (Tex.Cr.App.1976).

The doctrine of "collateral estoppel," which is embraced within the constitutional guarantees against double jeopardy, simply means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be relitigated between the same parties in any future lawsuit. See the decisions collated under "Collateral Estoppel," 7A *Words and Phrases.* "Collateral estoppel" is in the nature of a compromise between a litigant's interest and the interest of the public in terminating litigation over a particular issue or subject matter. In this instance, Judge Wright's decision that the prior felony conviction was void became, for legal purposes, a final decision on that

issue. Thus, it was improper for Judge McFall to overrule Judge Wright's decision—because the former adjudication of the issue, whether the prior felony conviction was void, became binding on him and the State in any subsequent litigation involving that same issue. Therefore, both the State and Judge McFall were barred from relitigating the validity of the prior felony conviction. As a matter of law, Judge Wright's decision could not be disturbed by either Judge McFall or the State.

If a majority of this Court will expressly overrule *Garza v. State*, supra, it can then determine whether what I have stated is a correct statement of the law—and there is no doubt in my mind that the majority will see why I am correct in what I have stated—if it will only take the time to properly review appellant's contention.

Because the majority refuses to expressly overrule *Garza v. State*, supra, I am compelled to dissent.

The majority states that because the judgment in Cause No. 3284–B, which was the felony conviction that was predicated upon the two prior misdemeanor convictions, which Judge Wright held were void, reflects that appellant had counsel in that cause, and appellant's testimony alone was insufficient to establish the invalidity of the two underlying misdemeanor convictions. The majority states the following: "In sum, appellant must show that he was without counsel by some evidentiary vehicle other than simply his own testimony." This is an incorrect statement of the law— as applied to this cause. In this instance, appellant's testimony, standing alone, was sufficient to void the prior misdemeanor convictions he had sustained.

It is now elementary law that it is only when the judgment of conviction that is attacked reflects that the defendant had counsel does the rule that his testimony alone is insufficient to overcome the presumption of regularity become applicable. If the majority will carefully read the decision of *Bray v. State*, 531 S.W.2d 633 (Tex. Cr.App.1976), which it cites in its opinion, I believe it will see why its above statements are, in this instance, erroneous as a matter of law.

Notwithstanding the above erroneous statements by the majority, with *Garza v. State*, supra, still on the books, and the record of appeal being in the shape it is in, the majority probably reaches the correct result.

However, all appellant has to do, once this Court's decision becomes final, is to file a post-conviction writ of habeas corpus, alleging therein and proving up what is now in this Court's archives. He will then be entitled to relief. I suggest to appellant that when he prepares his application for post-conviction writ of habeas corpus he incorporate by reference the record of appeal in the former cause as well as the record of appeal in this cause.

But, isn't this judicial ridiculousness? To prolong the inevitable is, in my view, needlessly expending the limited judicial resources of not only the trial court but this Court as well. Therefore, let us join together and unanimously and expressly overrule *Garza v. State*, supra. The majority, however, declines to take this action.

Therefore, I reluctantly concur.