Cortez v. State 






NO. 10-90-096-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          JOSE E. CORTEZ,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 272nd Judicial District Court
Brazos County, Texas
Trial Court # 18,916-272

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          A jury convicted Appellant of driving while intoxicated and set his punishment at three
years and six months confinement in prison and a $2,000 fine. See Tex. Rev. Civ. Stat. Ann.
art. 6701l-1 (Vernon Supp. 1991). In two points of error, Appellant contends that the court
should have suppressed a prior conviction used for enhancement and that the evidence was
insufficient to sustain his conviction. These points will be overruled and the judgment affirmed.
          The state alleged and proved two prior convictions to enhance the offense to a felony: i.e.,
Cause No. 13526 in the 272nd District Court of Brazos County and Cause No. 7098 in the 130th
District Court of Matagorda County. Appellant's motion to suppress, which attacked the validity
of the Brazos County conviction but not the Matagorda County conviction, was denied by the
court. 
          Evidence at the hearing on Appellant's motion to suppress revealed that Appellant had been
convicted on July 18, 1986, of the felony offense of driving while intoxicated in Cause No. 13,526
in the 272nd District Court of Brazos County. This conviction was based on a prior conviction
on December 12, 1972, for the misdemeanor offense of driving while intoxicated in Cause No.
6209 in the County Court of Brazos County. Appellant's second point attacks the validity of the
prior misdemeanor conviction on the ground that the judgment and sentence do not clearly show
he was represented by counsel. 
          Records of conviction before the trial court are presumed to be regular. Disheroon v.
State, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985). Testimony of a defendant, standing alone,
is not sufficient to overcome the presumption of regularity. Id. Appellant had to prove, with
respect to the enhancing misdemeanor, that (1) he was indigent, (2) he was without counsel, and
(3) he did not voluntarily waive the right to counsel. See id. Here, Appellant failed to discharge
his burden of proof because he testified only that he did not "remember" having counsel in the
1972 misdemeanor case. Point two is overruled.
          Appellant's first point attacks the sufficiency of the evidence to sustain his conviction on
grounds that (1) the State relied exclusively on "pen packets" to prove that he was the same person
as previously convicted of the offenses used to enhance this indictment, and (2) the sentence in
Cause No. 7098 in the District Court of Matagorda County affirmatively shows that he was
without counsel at the sentencing hearing. 
          Evidence will sustain a conviction if, viewing it in the light most favorable to the verdict,
any rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Butler v. State, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989). 
          The opinion in Littles v. State, 726 S.W.2d 26, 31 (Tex. Crim. App. 1984), recognizes
several "non-exclusive" means of proving identity for purposes of enhancement, including the
method used in Gollin v. State, 554 S.W.2d 683, 686 (Tex. Crim. App. 1977). "Each case is to
be judged on its own individual merits." Littles, 726 S.W.2d at 31. The court in Gollin stated: 
It has been held that the evidence is sufficient to prove that the accused is the same person
named in a record in question where that record contains photographs and a detailed
physical description of a named person and the accused is present in court for the fact
finder to compare his appearance with that person described in the record.

Gollin. 554 S.W.2d at 686. Each of the pen packets contained photographs and a detailed physical
description of the named person. Each also noted that the right index finger of the named person
was partially missing. We disagree with Appellant's contention that the mere fact that the jury got
no closer to him than thirty-five feet, a fact not supported by the record, prevented the jury from
determining that he had been previously convicted.
          As noted above, a presumption exists that the records of the conviction in Matagorda
County in Cause 7098 were regular. See Disheroon, 687 S.W.2d at 334. The judgment recites
that Appellant was represented by W. A. Orr, Jr. Because Appellant produced no evidence to the
contrary, the conviction was properly before the jury for its consideration.
          Viewing the evidence in the light most favorable to the verdict, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. See Butler, 769
S.W.2d at 239. The judgment is affirmed.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas, Justice Cummings,
          and Justice Vance
Affirmed
Opinion delivered and filed January 31, 1991
Do not publish