

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-11-00411-CR

KEVIN JEROME MITCHELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 54th District Court
McLennan County, Texas
Trial Court No. 2009-1450-C2, Honorable Matt Johnson, Presiding

September 5, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Kevin Jerome Mitchell was convicted of four counts of aggravated sexual assault of a child and one count of indecency with a child (his stepdaughter). His punishment was assessed at five years for indecency with a child and ten, fifteen, twenty, and twenty years respectively for the other offenses. On appeal, he contends, via eight issues, that 1) the trial court erred in excluding evidence regarding the motive of the complainant's mother for reporting appellant's offenses, 2) the trial court erred in permitting the complainant's sister to offer what amounted to hearsay, 3) the trial court

erred in permitting the complainant's mother to testify as an outcry witness, 4) the trial court erred in permitting a witness to testify to the complainant's honesty, 5) article 42.08 of the Code of Criminal Procedure is unconstitutional on its face, 6) article 42.08 is unconstitutional as applied, 7) the use of article 42.08 to impose cumulative sentences violated his right to jury sentencing, and 8) the trial court erred by admitting evidence of appellant's prior misdemeanor convictions during the punishment phase because he was not represented by counsel at the time of those convictions. We affirm.

*Issue 1 – Exclusion of Evidence*

In his first issue, appellant complains that the trial court improperly restricted his ability to impeach the complainant's mother (Shonda) by establishing that she had a motive to report that he sexually assaulted her daughter. He thought he should have been permitted to develop the details of her assault upon him in a bar and her destruction of his yard. We overrule the issue.

The right of confrontation includes the right to cross-examine a witness to attack her general credibility or show possible bias, self-interest, or motive in testifying. *Hammer v. State,* 296 S.W.3d 555, 561 (Tex. Crim. App. 2009). While trial courts have discretion in limiting the scope and extent of that cross-examination, *id.,* their discretion may not be used to prevent the defendant from presenting a vital or relevant defensive theory. *Id.* at 562-63.

According to the evidence of record, appellant had allegedly rejected Shonda's sexual advances at a night club. Shonda retaliated by hitting appellant on the back of the head and vandalizing the yard outside his home. She further admitted, during her testimony, that she had "basically tore . . . [the] yard up."

2

Another witness testified that Shonda approached appellant at the nightclub in "a seductive mode," but appellant did not leave with her. This witness also described overhearing Shonda call appellant on the telephone the next morning and say, "You want to start playing with the laws?" Furthermore, appellant himself testified that he had laughed at Shonda at the nightclub when she fell, she hit him in the back of the head, and he threatened (the next day) to obtain a restraining order against her because of her vandalism. Other evidence revealed that shortly after this threat to get a restraining order, Shonda accused him of sexually assaulting her daughter.

The fact of the vandalism and night club assault were before the jury, as was evidence of appellant spurning the advances of Shonda. Reasonable minds could conclude that this evidence was ample for appellant to illustrate that Shonda had motive to levy purportedly false accusations against him. Given this, the trial court did not abuse its discretion in refusing to allow appellant to present further details of the assault and yard damage. *Rodriguez v. State,* 280 S.W.3d 288, 289 (Tex. App.–Amarillo 2007, no pet.) (stating that we review a decision to admit or exclude evidence for abuse of discretion); *see Hernandez v. State,* 390 S.W.3d 310, 324 (Tex. Crim. App. 2012) (stating that a trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement).

*Issues 2 and 3 – Testimony of Complainant's Sister and Mother*

Appellant next complains of the trial court's decision to permit the complainant's sister and mother to testify about what the complainant told them of the assaults. This testimony was inadmissible hearsay, according to appellant. We overrule the issues.

That these witnesses described being told by the complainant that appellant either molested or "messed with" the complainant constitutes hearsay. Whether the testimony fell within some exception to the hearsay rule need not be addressed, though. This is so because several other witnesses also testified, in greater details, about what the complainant told them of the assaults. The complainant also testified about the nature of the assaults. So, because the testimony about which appellant now complains is redundant of testimony about which he does not complain, we cannot say that he suffered harm, even if the trial court erred. *Leday v. State*, 983 S.W.2d 713, 716-18 (Tex. Crim. App. 1998) (holding that the improper admission of evidence is harmless when other such evidence is admitted without objection); *accord Marshall v. State,* 210 S.W.3d 618, 631 (Tex Crim. App. 2006) (refusing to find error because like evidence was admitted elsewhere without objection)

*Issue 4 – Bolstering*

Appellant next contends that the trial court erred in admitting testimony that bolstered the veracity of the complainant. The testimony in question consisted of a detective stating that the complainant's body language exhibited when being interviewed indicated she was being truthful or honest. We overrule the issue.

To the extent that "bolstering" is impermissible,[1] it is so when the evidence is used to add credence or weight to some earlier admitted and unimpeached piece of evidence. *Valcarcel v. State,* 765 S.W.2d 412, 415 (Tex. Crim. App. 1989). At the time

---

[1]Bolstering is "any evidence the sole purpose of which is to convince the factfinder that a particular witness or source of evidence is worthy of credit, without substantively contributing 'to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.'" *Rivas v. State,* 275 S.W.3d 880, 886 (Tex. Crim. App. 2009).

4

of the detective's testimony, the complainant had not yet testified.[2] Therefore, his comment could not be viewed as impermissibly bolstering the complainant's credibility. *Id.*

   *Issues 5 and 6 – Constitutionality of Article 42.08*

In his next two issues, appellant attacks the constitutionality of article 42.08 of the Code of Criminal Procedure. Per the latter, a defendant convicted in two or more cases may have his sentences ordered to run cumulatively. TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West Supp. 2012). Appellant believes that the provision constitutes cruel and unusual punishment since consecutive sentences allegedly can be administered in an arbitrary and unpredictable manner and the trial court has no obligation to issue findings or reasons explaining its decision. We overrule the issue.

Though it concerned the constitutional right to due process, an identical argument was raised and rejected in *Johnson v. State,* 492 S.W.2d 505 (Tex. Crim. App. 1973). There the court held that "[o]nly recently in Hammond v. State, 465 S.W.2d 748 (Tex.Cr.App. 1971), . . . [we] considered the very contention advanced by the appellant and held Article 42.08 . . . to be constitutional. Further, we reject the claim that the statute could be constitutional only if certain standards are set forth to guide the court in the exercise of its discretion." *Id.* at 506. And, while appellant acknowledges the holding in *Johnson*, he nonetheless argues that it should be reconsidered given subsequent United States Supreme Court precedent explaining when the death penalty constitutes cruel and unusual punishment.

Yet, we do not have a death penalty case before us. This is of import since appellant himself recognizes that the "Supreme Court treats death penalty cases

---

[2]Only one other witness, a crime scene technician, had testified at that point.

5

differently than non-capital cases . . . ."  So, we are bound to follow *Johnson.  See Sharp v. State*, No. 11-11-00185-CR, 2013 Tex. App. LEXIS 7235, at *16 (Tex. App.–Eastland June 13, 2013, no pet. h.) (not designated for publication) (stating that "[a]s an intermediate appellate court, this court is bound by the precedent of the Court of Criminal Appeals").  We leave it to the Court of Criminal Appeals to modify its precedent.  The issue is overruled.

*Issue 7 – Right to Jury Sentencing*

Next, appellant contends that the statutory authority of a trial court to cumulate sentences denies him his statutory right to have a jury to decide his punishment.  TEX. CODE CRIM. PROC. ANN. art. 37.07 § 2(b) (West Supp. 2012).  A like argument, but one involving the constitutional right to a jury trial, also was raised and rejected by the Court of Criminal Appeals in *Barrow v. State,* 207 S.W.3d 377, 380 (Tex. Crim. App. 2006).  We see no reason why the rationale underlying *Barrow* is any less persuasive *viz* his rights to a jury trial arising under Texas statute.

More importantly, since appellant is invoking the statutory aspect of his right to a jury trial, logic compels that the creator of that statute (*i.e.*, the Texas legislature) determines the scope of the statutory right.  Because that very same body has enacted another statute vesting the decision to cumulate or not within the discretion of the trial court, it would seem that the legislature implicitly excluded from the statutory right to a jury trial the authority for a jury to cumulate sentences.

In sum, we overrule the issue.

6

*Issue 8 – Admission of Misdemeanor Offenses*

Finally, appellant contends the trial court erred in admitting evidence of his prior misdemeanor convictions during the punishment phase because the judgments are void since they fail to show he was represented by or legitimately waived counsel. We overrule the issue.

Years ago, the United States Supreme Court stated in *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), that waiver of counsel from a silent record in a felony judgment could not be presumed for purposes of establishing guilt or enhancement of punishment for another offense. *Id*. 389 U.S. at 115, 88 S.Ct. at 262; *see Bray v. State,* 531 S.W.2d 633, 634 (Tex. Crim. App. 1976) (stating that waiver of counsel cannot be presumed from a silent record). In other words, the State could not use a prior felony conviction to establish guilt or enhance punishment if the record pertaining to that conviction failed to show that the defendant had counsel or legitimately waived counsel. *See Bray v. State, supra* (noting that because the undisputed evidence illustrated that Bray was indigent, had not been represented by counsel at the revocation hearing and sentencing, and had not waived counsel, the Brazos County conviction was invalid and could not be used for enhancement of punishment). Yet, the apparent, uncompromising nature of the *Burgett* holding has been called into question. For instance, our sister court in San Antonio stated that the decision does not mandate in all cases a presumption of irregularity. *Deleon v. State*, No. 04-01-00412-CR, 2002 Tex. App. LEXIS 1458, at *2 (Tex. App.–San Antonio, February 27, 2002, pet. ref'd) (not designated for publication). Instead, it read *Burgett*

7

as applying the presumption there "because it involved the purported waiver of the right to counsel at a time when that right had not yet been recognized." *Id.*

So too has the Supreme Court itself cautioned against reading *Burgett* as creating some all-encompassing presumption of invalidity. One need only read *Parke v. Raley*, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992) to see that. In *Parke,* the Court stated that in *Burgett*:

> . . . the Court held that a prior conviction could not be used for sentence enhancement because the record of the earlier proceeding did not show that the defendant had waived his right to counsel . . . . Respondent suggests that because *Burgett* involved a state recidivism proceeding, it stands for the proposition that every previous conviction used to enhance punishment is "presumptively void" if waiver of a claimed constitutional right does not appear from the face of the record . . . . We do not read the decision so broadly. At the time the prior conviction at issue in *Burgett* was entered, state criminal defendants' federal constitutional right to counsel had not yet been recognized, and so it was reasonable to presume that the defendant had not waived a right he did not possess. As we have already explained, the same cannot be said about a record that, by virtue of its unavailability on collateral review, fails to show compliance with the well-established *Boykin* requirements.

*Id.* 506 U.S. at 31, 113 S.Ct. at 524. Thus, we reject appellant's construction of *Burgett* here and instead adopt the rule suggested by the Court of Criminal Appeals in *Disheroon v. State*, 687 S.W.2d 332 (Tex. Crim. App. 1985) and involving prior misdemeanor convictions used for enhancement purposes. In those situations, the "appellant has the burden to prove that *with respect to the enhancing misdemeanors* (1) he was indigent, (2) he was without counsel, and (3) he did not voluntarily waive the right to counsel." *Disheroon v. State*, 687 S.W.2d at 334; *accord Deleon v. State,* 2002 Tex. App. LEXIS 1458, at *1-2 (stating that once the State establishes a prima facie case by introducing a copy of the judgment and sentence and connecting it with the

8

defendant, the judgment is presumed regular and the burden is on the party attacking the prior conviction to establish its invalidity).

Here, appellant does not contend that the State failed to introduce a copy of the misdemeanor judgments into the record and connect them to him. Instead, he sought to impose upon the State the burden to prove that he either had legal counsel or legitimately waived counsel in each of those prior convictions. Yet, the burden was his to prove the judgments invalid per *Disheroon* and *Deleon*. That, he did not do. So, the trial court did not err in allowing their admission.

Having overruled each issue, we affirm the judgments.


Per Curiam

Do not publish.