# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00654-CR
## NO. 03-16-00655-CR

### Ex parte Kriss Ray Camp

#### FROM THE COUNTY COURT AT LAW NO. 1 OF TOM GREEN COUNTY
#### NOS. 92001 & 92011, THE HONORABLE BEN NOLEN, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Kriss Ray Camp appeals from the trial court's denial of his application for writ of habeas corpus challenging his 1993 misdemeanor conviction for family-violence assault. *See* Tex. Code Crim. Proc. art. 11.09; Tex. Penal Code § 22.01. Finding no abuse of discretion, we affirm the trial court's order denying habeas corpus relief.

### BACKGROUND

In July 2011, appellant was convicted of the felony offense of family-violence assault in Potter County, Texas, and sentenced to 25 years in the Texas Department of Criminal Justice. *See Camp v. State*, No. 07-11-00331-CR, 2013 WL 308992, at *1 (Tex. App.—Amarillo Jan. 25, 2013, pet. ref'd) (mem. op., not designated for publication). An assault under section 22.01(a)(1) of the Texas Penal Code—intentionally, knowingly, or recklessly causing bodily injury—is a Class A misdemeanor. *See* Tex. Penal Code § 22.01(a)(1), (b). However, the Potter County indictment alleged that in 1993 appellant had previously been convicted of family-violence assault in Tom

Green County, Texas. *See Camp*, 2013 WL 308992, at *1. Because of appellant's alleged 1993 conviction and the nature of appellant's relationship with the assault victim, the Potter County assault offense was elevated to a third degree felony.[1] *See* Tex. Penal Code § 22.01(b)(2)(A) (assault involving family violence is elevated from Class A misdemeanor to third degree felony if defendant has previously been convicted of assault involving family violence). Appellant appealed his conviction to the Seventh Court of Appeals in Amarillo, complaining that the evidence linking him to the prior Tom Green County conviction for family-violence assault was insufficient. *See Camp*, 2013 WL 308992, at *1–3. The Amarillo court concluded that the evidence was sufficient and affirmed appellant's conviction. *See id.* at *3.

In August 2016, appellant filed an application for writ of habeas corpus in the Tom Green County court at law, challenging his 1993 conviction for family-violence assault. In his application, he alleged that "altered and fabricated documents" from Tom Green County were used "to get an illegal felony enhancement of a misdemeanor to a first degree felony" in the Potter County trial. Appellant maintained that his plea in 1993 was to the "lesser included offense" of criminal mischief and that the family-violence assault charge had been dismissed. The trial court entered an order denying appellant's application for writ of habeas corpus.

---

[1] In addition, appellant was subjected to an enhanced punishment range pursuant to the habitual offender punishment provision of the Texas Penal Code for two prior felony convictions. *See* Tex. Penal Code § 12.42(d) (providing that at trial of felony offense other than unaggravated state jail felony, defendant shall be punished by imprisonment for life or any term not more than 99 years or less than 25 years upon proof of two previous sequential felony convictions).

**DISCUSSION**

A defendant convicted of a misdemeanor offense may attack the validity of the conviction by way of habeas corpus if he is either confined or restrained as a result of a misdemeanor charge or conviction, or although no longer confined, he is subject to collateral legal consequences resulting from the conviction. *See* Tex. Code Crim. Proc. art. 11.09 (providing that person confined on misdemeanor charge may apply for habeas corpus); *Ex parte Schmidt*, 109 S.W.3d 480, 481 (Tex. Crim. App. 2003) (explaining that article 11.09 is not limited to cases in which applicant is currently confined but also applies "when a person is restrained by an accusation or conviction of misdemeanor"); *Tatum v. State*, 846 S.W.2d 324, 327 (Tex. Crim. App. 1993) ("If a misdemeanor judgment is void, and its existence may have detrimental collateral consequences in some future proceeding, it may be collaterally attacked[.]"); *Ex parte Karlson*, 282 S.W.3d 118, 126 (Tex. App.—Fort Worth 2009, pet. ref'd) ("Collateral consequences related to a conviction, such as . . . use of the conviction to enhance punishment in other cases, may constitute confinement.").

In reviewing a trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling and, absent an abuse of discretion, uphold the ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, pet. ref'd); *see Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013). "An abuse of discretion does not occur unless the trial court acts 'arbitrarily or unreasonably' or 'without reference to any guiding rules and principles,'" *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016) (quoting *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)), or unless the trial court's decision "falls outside the zone of reasonable

3

disagreement," *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). "An applicant for a post-conviction writ of habeas corpus bears the burden of proving his claim by a preponderance of the evidence." *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016) (citing *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002)).

Appellant contends that his 1993 conviction for family-violence assault is void and should not have been used for enhancement purposes in the Potter County prosecution. He claims that he did not plead to the assault offense but instead pled no contest to the "lesser included offense" of criminal mischief and the family-violence assault case was dismissed.[2] In his brief, appellant asserts that "fake records were produced to enhance a felony conviction in 2011 of felony family violence." He maintains that the Tom Green County clerk's office "alter[ed] and amend[ed]" the 1993 documents of cause numbers 92001 and 92011.[3]

"It is a cardinal rule of appellate procedure in this State that [appellate courts] must indulge every presumption in favor of the regularity of the proceedings and documents in the lower

---

[2] To support his claim, appellant argues that the documents underlying the conviction for family-violence assault (the complaint and information) "have major jurisdictional defects," that the written judgment of conviction has several defects, that he is "actually innocent" because of those defects, that the original plea agreement has been breached, and that the clerk's record is subject to challenge under the "best evidence" rule.

[3] The documents in the clerk's record of cause number 92001 reflect that appellant was charged with, pled no contest to, and was convicted of family-violence assault, a class A misdemeanor, on August 5, 1993. The documents are certified under seal as "true and correct copies" of the documents of the proceedings in cause number 92001 that were filed and recorded in the clerk's office.

The documents in the clerk's record of cause number 92011 reflect that appellant was charged with, pled no contest to, and was convicted of criminal mischief, a class B misdemeanor, on August 5, 1993. The documents are certified under seal as "true and correct copies" of the documents of the proceedings in cause number 92011 that were filed and recorded in the clerk's office.

4

court." *McCloud v. State*, 527 S.W.2d 885, 887 (Tex. Crim. App. 1975); *see Jones v. State*, 77 S.W.3d 819, 822 (Tex. Crim. App. 2002) ("[I]n the absence of evidence to the contrary, this Court presumes the regularity of the trial court's judgment and records."); *Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000) ("The presumption of regularity is a judicial construct that requires a reviewing court, absent evidence of impropriety, to indulge every presumption in favor of the regularity of the proceedings and documents in the lower court."). "This [presumption of regularity] means recitations in the records of the trial court, such as a formal judgment, are binding in the absence of direct proof of their falsity." *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1985) (op. on reh'g); *see State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013). When collaterally attacking a prior conviction, the defendant bears the burden of overcoming the presumption of regularity. *Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986); *see Guerrero*, 400 S.W.3d at 583 ("When a person attacks the validity of his prior guilty plea as that plea is reflected in the written judgment, he bears the burden of defeating the normal presumption that recitals in the written judgment are correct.").

The written judgment of conviction in the record of cause number 92001 reflects that on August 5, 1993, Kriss Ray Camp pled "No Contest to the accusation [contained in the information]," which alleged that Kriss Ray Camp "did then and there intentionally and knowingly cause bodily injury to Sandi Camp, a family member[.]" The judgment further states that the trial court found the defendant "guilty of the offense of Assault, Class A (Family Violence)." Also in the record is a document entitled *Admonishments and Waivers by Defendant*, signed by "Kriss Camp," that includes a judicial confession in which the defendant admitted and judicially confessed "that

5

[he] knowingly, intentionally and unlawfully committed that act alleged in the information in this cause at the time and place and in the manner alleged and that [he is] in fact guilty or pleading no contest to the offense of Assault, Class A (fv)[.]"[4]

This judgment of conviction and attendant court documents refute appellant's assertion that his 1993 conviction for family-violence assault is void because he did not plead to the offense. The court documents in the record, including the judgment of conviction, are presumed to be regular and their contents are presumed to be correct. *See Guerrero*, 400 S.W.3d at 585; *Wilson*, 716 S.W.2d at 956; *Breazeale*, 683 S.W.2d at 450.

Furthermore, it is well settled that the testimony of an appellant is insufficient to overcome either the presumption of regularity of court records or the recitations contained in the judgment. *See Disheroon v. State*, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985) (evidence other than appellant's own testimony is required to rebut presumption of regularity because "[t]o hold otherwise would allow the mere assertions of a defendant to invalidate convictions obtained nearly twenty years ago"); *Maddox v. State*, 591 S.W.2d 898, 903 (Tex. Crim. App. 1979) ("bald assertions by an accused . . . are insufficient to overcome the presumption of regularity of the records"); *Lopez*

---

[4] The written judgment of conviction in the record of cause number 92011—which appellant did not challenge in his habeas corpus application—reflects that on August 5, 1993, Kriss Ray Camp pled "No Contest to the accusation [contained in the information]," which alleged that Kriss Ray Camp "did then and there intentionally and knowingly damage and destroy tangible property . . . without the effective consent of Linda McKeon, the owner[.]" The judgment further states that the trial court found the defendant "guilty of the offense of Criminal Mischief, Class B." Also in the record is a document entitled *Admonishments and Waivers by Defendant*, signed by "Kriss Camp," that includes a judicial confession in which the defendant admitted and judicially confessed "that [he] knowingly, intentionally and unlawfully committed that act alleged in the information in this cause at the time and place and in the manner alleged and that [he is] in fact guilty or pleading no contest to the offense of Criminal Mischief, Class B[.]"

6

*v. State*, 574 S.W.2d 563, 566 (Tex. Crim. App. 1978) ("Appellant's testimony, standing alone, is insufficient to disprove the recitations in the judgment.").

In the present case, the only evidence contradicting the documents showing a 1993 judgment of conviction for family-violence assault is appellant's unsupported assertion in his habeas corpus application that he was not convicted because the case was dismissed as part of the plea bargain in the criminal mischief case. In an appendix to his brief in this appeal, appellant attached a letter from his appellate counsel in the Potter County case criticizing the alleged deficiencies in the written judgment of conviction that was admitted at the 2011 trial and a typed document purporting to be a footnote from the brief filed in the appeal of his Potter County conviction. However, these exhibits were not provided to the trial court. Moreover, these exhibits do not demonstrate that the recitations in the 1993 judgment are not true.

"[T]he formal judgment of the trial court carries with it a presumption of regularity and truthfulness, and such is never to be lightly set aside." *Breazeale*, 683 S.W.2d at 450–51. "The presumption of regularity created by recitations in the judgment can be overcome only when the record otherwise *affirmatively* reflects that error occurred." *Id.* at 450 (emphasis added). Further, "recitations in the records of the trial court, such as a formal judgment, are binding in the absence of *direct proof* of their falsity." *Id.* (emphasis added). Appellant bears the burden of defeating the presumption by competent evidence beyond his testimony or assertions. *See Disheroon*, 687 S.W.2d at 334; *Maddox*, 591 S.W.2d at 903.

In this case, in evaluating the documents before it when ruling on appellant's application for writ of habeas corpus, the trial court was required to presume the regularity of the

7

underlying trial court proceedings and the resulting judgments in cause number 92001. *See Breazeale*, 683 S.W.2d at 450; *Kelley v. State*, 676 S.W.2d 104, 108 (Tex. Crim. App. 1984). Appellant's assertions alone are insufficient as a matter of law to overcome the presumption of regularity. *See Azzeem v. State*, No. 05-95-01326-CR, 1999 WL 549031, at *3–5 (Tex. App.—Dallas July 29, 1999, no pet.) (mem. op., not designated for publication) ("Unsupported assertions by an accused concerning a prior conviction are insufficient to invalidate that conviction."). Appellant did not meet his burden to overcome the presumption of regularity in the judgment or proceedings. *See Guerrero*, 400 S.W.3d at 583; *Wilson*, 716 S.W.2d at 956. Consequently, neither did he meet his burden of proving his habeas corpus claim by a preponderance of the evidence. *See Torres*, 483 S.W.3d at 43. Therefore, the trial court did not abuse its discretion when it denied appellant's application for writ of habeas corpus.

## CONCLUSION

The crux of appellant's habeas claim is that Tom Green County officials conspired with Potter County officials to fabricate a prior conviction for family-violence assault from 1993 in order to elevate appellant's 2011 Potter County family-violence assault to a felony. However, his assertion of such a conspiracy, standing alone, does not rebut the presumption of regularity of the judgment of conviction for family-violence assault in the record before the trial court and this Court. Nothing in the record, apart from appellant's unsupported assertion, contradicts appellant's 1993 judgment of conviction for family-violence assault, affirmatively reflects error or irregularity in the underlying proceedings, or directly proves the falsity of the recitations in the judgment. Therefore, we presume that the judgment correctly reflects the events in the trial court in 1993, including that

8

appellant pled no contest to and was convicted of family-violence assault. *See Light*, 15 S.W.3d at 107; *Breazeale*, 683 S.W.2d at 450. Accordingly, we conclude that the trial court did not abuse its discretion when it denied appellant's application for writ of habeas corpus and we affirm the order denying habeas corpus relief.[5]

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Pemberton and Goodwin

Affirmed

Filed:   November 30, 2017

Do Not Publish

_____

[5] Appellant did not challenge the 1993 judgment of conviction for criminal mischief in cause number 92011 in his habeas corpus application, nor does he raise any argument concerning the trial court's denial of habeas corpus relief as it may relate to that judgment. Accordingly, we affirm the trial court's order denying appellant's application for writ of habeas corpus in cause number 92011 as well.