**Ex parte Charlie WOODARD.**

**No. 52854.**

Court of Criminal Appeals of Texas.

Sept. 20, 1976.

Carol S. Vance, Dist. Atty. and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is a post-conviction writ of habeas corpus brought under the provisions of Article 11.07, V.A.C.C.P., by the petitioner, an inmate of the Texas Department of Corrections.

The petitioner was convicted for the offense of burglary on March 2, 1954. Pursuant to the provisions of Article 63, V.A.P.C., the punishment was enhanced by two prior non-capital convictions and punishment was set at life.

One of the prior convictions used for the purpose of enhancement of punishment was a conviction for the felony offense of driving a motor vehicle on a public highway while intoxicated. On the habeas corpus hearing, the trial court found that the misdemeanor conviction for driving while intoxicated, alleged and utilized in obtaining the felony driving while intoxicated conviction, was obtained while the petitioner was not represented by counsel, was indigent, and had not made a knowing and intelligent waiver of his constitutional right to counsel. The trial court's findings are supported by the record. Because of the deprivation of the constitutional right to counsel, the misdemeanor conviction is void. See *Ex parte Webster*, Tex.Cr.App., 497 S.W.2d 305; *Walker v. State*, Tex.Cr.App., 486 S.W.2d 330; *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530. The right to counsel in a misdemeanor case has been held to be retroactive. *Ramirez v. State*, Tex.Cr.App., 486 S.W.2d 373.

Proof of the misdemeanor conviction being an essential element of the felony driving while intoxicated conviction, it follows that the felony conviction is also void. The petitioner's conviction under the provisions of Article 63, V.A.P.C. cannot be permitted to stand since a prior void felony conviction was utilized.

The other prior conviction relied on for the purpose of enhancement was a conviction for felony embezzlement. Assuming such conviction was an offense of like nature to the primary offense, petitioner's punishment would be twelve years under Article 62, V.A.P.C. Petitioner has been incarcerated on this charge since 1954. Since he has clearly served in excess of the maximum time, his release from the Texas Department of Corrections is in order.

The writ is granted and petitioner's release ordered.

Opinion approved by the Court.