

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-09-00347-CR

JEROMY GADDY                                                              APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

## FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

## DISSENTING OPINION ON REMAND

I must respectfully dissent from the majority opinion because I believe that

it is constitutionally infirm.

After we issued our opinion in this case,[1] attached as an appendix, the

Texas Court of Criminal Appeals held in *Bowen v. State* that it may be unjust to

---

[1]*Gaddy v. State* (*Gaddy I*), No. 02-09-00347-CR, 2011 WL 1901972, at *12 (Tex. App.—Fort Worth 2011) (mem. op., not designated for publication, pet. granted)*, vacated*, No. PD-1118-11, 2012 WL 4448757 (Tex. Crim. App. 2012) (not designated for publication) (*Gaddy II*).

acquit if an issue first raised on appeal affects the sufficiency of the evidence of the aggravating element.[2] The *Bowen* majority reasoned,

> In *Collier*, a plurality of this Court held that an appellate court does not have the authority to reform a judgment to reflect a conviction of a lesser-included offense if it was neither requested nor submitted in the jury charge. Judge Mansfield's lead opinion, joined by three judges, was based on the rationale that allowing the reformation of judgments would encourage the State to use a "go for broke" trial strategy of not requesting a lesser-included offense instruction in order to make it more likely to obtain a conviction for the charged offense. The four-judge plurality decided that:
>
> > A court of appeals may reform a judgment of conviction to reflect conviction of a lesser included offense only if (1) the court finds that the evidence is insufficient to support conviction of the charged offense but sufficient to support conviction of the lesser included offense and (2) either the jury was instructed on the lesser included offense (at the request of a party or by the trial court sua sponte) or one of the parties asked for but was denied such an instruction.[3]

The three dissenting judges in *Bowen* reasoned that Judge Keasler's concurring opinion in *Collier v. State* was actually the governing rationale for the rule:

> Judge Keasler's position in *Collier* was contingent, in turn, upon the language of Rule 43.2(c) of the Texas Rules of Appellate Procedure. His argument was that a court of appeals's authority to "render" judgment on appeal is limited to what it concludes "the trial court should have rendered." In a jury trial, unless the jury is authorized to convict a defendant of a lesser-included offense as well as the greater-inclusive offense, it cannot be said that, when the evidence

---

[2]374 S.W.3d 427, 432 (Tex. Crim. App. 2012).

[3]*Id.* at 429 (citations omitted).

2

proves insufficient to establish the greater offense but sufficient to establish the lesser, the trial court "should have rendered" a conviction for the lesser-included offense—because the jury could not have done so. And when it is not the case that the "trial court should have rendered" a judgment of conviction for the lesser-included offense, an appellate court is not authorized under Rule 43.2(c) to do so. This logic led Judge Keasler to conclude that an appellate court cannot reform a trial court's judgment to reflect conviction of a lesser-included offense in a jury trial unless the jury was expressly authorized by the jury charge to convict the defendant for that lesser-included offense. In *Haynes*, we embraced this rationale as controlling law.[4]

Rule 43.2(c) of the Texas Rules of Appellate Procedure limits an appellate court's authority to "render" judgment on appeal to what it concludes "the trial court should have rendered."[5] Further, the trial court is not required to sua sponte instruct the jury on potential lesser-included offenses, defensive issues, or evidentiary issues because these "frequently depend upon trial strategy and tactics."[6] In the case now before this court, the trial court could not have and should not have rendered a judgment of conviction of the lesser-included misdemeanor offense of a first-offense misdemeanor DWI because neither side requested the lesser-included offense instruction and because no lesser-included

---

[4]*Id.* at 433 (Price, J., dissenting) (citations omitted).

[5]Tex. R. App. P. 43.2(c); *Bowen*, 374 S.W.3d at 433 (Price, J., dissenting).

[6]*Bowen*, 374 S.W.3d at 434 n.5 (Price, J., dissenting) (citing *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)); *see also Tolbert v. State*, 306 S.W.3d 776, 781 (Tex. Crim. App. 2010).

offense instruction was submitted to the jury.[7] The right to a jury trial reaffirmed in *Ring* and *Apprendi* prohibits such a usurpation of the jury's function.[8] Consequently, because the jury in the trial court was not authorized to convict Appellant of a first-offense misdemeanor DWI, as Judge Keasler explained, we likewise lack that authority.[9]

Additionally, the policy-based reasoning of *Bowen* is not applicable to this case. In *Bowen*, the State apparently did not realize at trial that the value of trust assets owned by the complainant was an issue.[10] Consequently, the State had no reason to request an instruction on the lesser-included offense of the misapplication of a smaller portion of the trust assets.[11] A jury may only be instructed on a lesser-included offense if there is evidence that the defendant, if guilty, is guilty only of the lesser-included offense.[12] The *Bowen* court held that if the validity of the aggravating element is not raised at trial, it may be unjust to

---

[7]See Tex. R. App. P. 43.2(c); *Delgado*, 235 S.W.3d at 250; *see also Tolbert*, 306 S.W.3d at 781.

[8]*See Ring v. Arizona*, 536 U.S. 584, 609, 122 S. Ct. 2428, 2443 (2002); *Apprendi v. New Jersey*, 530 U.S. 466, 483, 120 S. Ct. 2348, 2359 (2000).

[9]*See* Tex. R. App. P. 43.2(c).

[10]*See Bowen*, 374 S.W.3d at 432.

[11]*See id.*

[12]*See Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011).

acquit if an issue first raised on appeal affects the sufficiency of the evidence of the aggravating element.[13]

But the record in the case before us does not reflect that Appellant took unfair advantage of the State. This case is not like *Bowen*. In the case now before this court, the State had ample notice that the validity of the New Mexico offenses was at issue. Appellant raised the issue pretrial, and the State filed a pretrial motion in limine regarding the validity of the New Mexico offenses. The State did not claim below and does not claim here that it was blindsided because it did not realize that the validity of the New Mexico convictions was at issue. At trial, Appellant objected to the jury charge on the basis that the general verdict did not allow the jury to determine the validity of each of the New Mexico convictions. The State argued at trial that because the New Mexico convictions were not enhancement paragraphs but "jurisdictional prayers," the general verdict was proper. On appeal, the State argued that Appellant's objection to the general verdict was a request for an instruction on the lesser-included offense of misdemeanor DWI. As we stated in our original opinion, the record clearly reflects that neither side requested an instruction on a lesser-included offense.[14] Appellant clearly explained why he believed the New Mexico convictions were infirm, and the State argued that they were not.

---

[13]*Bowen*, 374 S.W.3d at 432.

[14]*Gaddy I*, 2011 WL 1901972, at *12–13.

The State here knew the consequences of not instructing the jury on the lesser-included misdemeanor DWI. Nevertheless, the State made the conscious, strategic decision to "go for broke," knowing that if Appellant prevailed in his challenge to the New Mexico offenses on appeal, the law required entry of a judgment of acquittal. The State was not blindsided or even surprised by the challenge to the New Mexico offenses on appeal. Because the record reveals that the State knowingly employed the "go for broke" strategy in this case, as opposed to making a pure mistake of law as the prosecutor apparently did in *Bowen*, the *Bowen* rule does not apply to the case now before this court. Not only would it not be unjust to acquit in the case now before this court, but it is unjust to apply the *Bowen* rule retroactively to such a case tried more than two and one-half years before the creation of the rule when the case is completely distinguishable on the facts.

In *State v. Mercado*, the Texas Court of Criminal Appeals stated the obvious principle of fairness, "Ordinary notions of procedural default should apply equally to the defendant and the State."[15] Further, as Judge Cochran has explained, "The purpose of the contemporaneous-objection rule is to provide both the trial judge and the opposing party an opportunity to avoid or correct

---

[15]972 S.W.2d 75, 78 (Tex. Crim. App. 1998) (citing *State v. Gonzales*, 850 S.W.2d 672 (Tex. App.—San Antonio 1993, pet. ref'd) (refusing defendant's request to affirm an order suppressing evidence based on new grounds not raised in the trial court)).

potential errors and thus avoid a procedurally improper conviction and a subsequent retrial."[16] Additionally,

> fairness to all parties requires a litigant to advance his complaints at a time when there is an opportunity to respond to them or cure them; . . . reversing for error not raised in the trial court permits the losing party to second-guess its tactical decisions after they do not produce the desired result.[17]

After *Bowen*, the Texas Court of Criminal Appeals handed down *Thornton v. State*, an opinion that appears to lay down a bright-line rule that when the State proves only the unenhanced offense, the appellate court must modify the judgment to convict of the lesser-included offense whether the jury is instructed it may convict of the lesser-included offense or instructed only on the greater offense.[18] Laying aside the *Ring/Apprendi* issues, felony DWI trials present an additional problem.

Under the guise of having to prove jurisdictional allegations, the State is allowed to inform a jury during the guilt phase of the trial that the defendant has twice before been convicted of the very same offense for which he is being tried. If the State fails to prove jurisdiction, after gaining the advantage of informing the

---

[16]*Flores v. State*, 245 S.W.3d 432, 443 & n.7 (Tex. Crim. App. 2008) (Cochran, J., concurring).

[17]*Id.*

[18]No. PD-0669-13, 2014 WL 1302039, at *5–6 (Tex. Crim. App. April 2, 2014).

jury, essentially, that "here he goes again," under *Thornton* and *Bowen*, it is of no legal consequence. The State pursues the felony without allowing the jury the opportunity to convict of the misdemeanor. If the gamble fails, we are to fix it by doing what the jury was not permitted to do.

But if the enhancing prior DWI offenses alleged in the indictment are truly jurisdictional, it is not the proof that establishes jurisdiction in district court but, rather, the pleading. As the Texas Court of Criminal Appeals explained in *Ex parte Sparks*, "[t]his pleading invoked the jurisdiction of the district court for the felony that was alleged, and that jurisdiction extended to the misdemeanor offenses that were included in the indictment."[19] Apparently, the State has no need to prove jurisdiction once it has been pled. Why, then, must the issue of the prior convictions be presented to the jury during the guilt phase of the trial? Certainly not to protect any right of a defendant.

In Tarrant County, as in certain other counties, there is an additional consideration. District courts have concurrent misdemeanor jurisdiction. They have jurisdiction over all DWIs, whether pled as felonies or misdemeanors. Yet courts have consistently applied the same rule of presenting "jurisdictional" prior conviction allegations to the trial jury in the guilt phase of the trial. How does concurrent misdemeanor/felony jurisdiction of those courts affect DWIs tried in those counties? No one seems to know.

---

[19]*Ex parte Sparks*, 206 S.W.3d 680, 682 (Tex. Crim. App. 2006).

In the case now before this court, unlike the prosecutors in *Bowen,* the State pled facially infirm New Mexico convictions to elevate the DWI allegations from a misdemeanor to a felony. The jury was informed from the very beginning of the trial that Appellant had twice before been convicted of DWI. If the State is allowed to tell the jury of prior convictions in the guilt phase of the trial, then the State benefits. No one could claim a DWI defendant benefits from the jury's hearing that he has already been twice convicted of the offense for which he is on trial.

The State and the defense each chose its strategy, based on the law as it existed at the time of trial, and both were fully aware of the consequences of their choices of strategy. The National Football League (NFL) is considering doing away with the extra point, or points, after a touchdown.[20] Just as it would be fundamentally unfair for the NFL's Rules Committee to change the scoring system retroactively to affect the outcome of the Super Bowl played two years ago, applying the *Bowen* rule to this case unfairly rescues one side from the consequences of its failed strategy.

Were this an appeal from a bench trial, I would join the majority because there would be no unfair advantage gained from informing the jury that Appellant had twice previously been convicted of the offense for which he was now on trial

---

[20]*NFL Reportedly Considering Proposal to Eliminate Extra Points*, Foxnews.com (Jan. 21, 2014), http://www.foxnews.com/sports/2014/01/21/nfl-considering-proposal-to-eliminate-extra-points/ (last visited May 12, 2014).

when the State was aware of the challenge to the prior convictions that were "jurisdictional." Modifying the judgment would not usurp the role of the jury, nor would it deprive the defendant of a jury trial, because the trier of fact would have been the trial court and not a jury. Modifying the judgment would comply with rule 43.2(c) of the Texas Rules of Appellate Procedure because this court would act within our authority to "render" judgment on appeal that "the trial court should have rendered." But Appellant appeals from a jury trial and not a bench trial. For this court to pull the State's bacon out of the fire and usurp Appellant's right to a jury trial violates the state and federal constitutional guarantees of that right. I must, therefore, respectfully dissent.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED: May 15, 2014

10

**APPENDIX**



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-09-00347-CR

JEROMY GADDY                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1] ON STATE'S PETITION FOR DISCRETIONARY REVIEW

------------

Pursuant to rule of appellate procedure 50, we have reconsidered our previous opinion upon reviewing the State's petition for discretionary review.[2] We withdraw our March 3, 2011 memorandum opinion and judgment, and we substitute the following.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. R. App. P. 50.

A jury convicted Appellant Jeromy Gaddy of felony driving while intoxicated (DWI) and assessed his punishment at three years' confinement. The trial court sentenced him accordingly. Appellant brings two issues on appeal, arguing that the trial court erred by admitting into evidence convictions that were void and that the evidence is insufficient to sustain his conviction for felony DWI. Because we hold that the evidence is insufficient to show that Appellant was twice (or even once) previously convicted of DWI in the State of New Mexico, we sustain Appellant's second issue, reverse the trial court's judgment, and render judgment of acquittal.

## I. Statement of Facts

On June 14, 2008, Denton police officer Lisa Martin arrested Appellant for DWI. Appellant was subsequently charged with felony DWI. The indictment alleged that Appellant had been twice previously convicted in "the Municipal Court of Hobbs, New Mexico" of DWI.

In his opening statement at trial, Appellant's counsel stated that Appellant would testify about the prior New Mexico convictions and that he had no lawyer in those proceedings in violation of his rights. In its oral motion in limine, the State asked the trial court to prohibit Appellant from bringing up in front of the jury whether his rights were violated in the two prior New Mexico proceedings because it was a legal issue for the court.

At trial, the State offered the testimony of Tim Phillips, an investigator for the Denton County District Attorney's office. He testified that he obtained prior

2

judgments related to Appellant from the Denton County District Attorney's intake division. Phillips testified that he also ordered a "driver's license packet." He described State's Exhibit 6 as a certified copy of a Texas Department of Public Safety driving record.

The State also offered State's Exhibits 4 and 5, documents purporting to show that Appellant was twice previously convicted of DWI in the municipal court of Hobbs in the State of New Mexico. The trial court conducted a hearing outside the jury's presence on the admissibility of the exhibits.

State's Exhibit 4, which purports to be a copy of a June 23, 1997 judgment and sentence from a municipal court of Hobbs, New Mexico, provides that Appellant pleaded nolo contendere to, among other things, DWI in a municipal court in Hobbs, New Mexico. The judgment states that "the defendant appeared in person and with _____, his attorney, and _____ appeared on behalf of the City." The space for the name of the defense attorney is blank, as is the name of the attorney appearing on behalf of the city.

Handwritten notations appear in several places on the exhibit, but it is unclear what they mean. Appellant was apparently charged with five offenses: (1) "CONSUME/POSS ALCOHOL–OPEN CONTAINER IN MOTOR," to the right and slightly above which "(35+18PA)" appears in handwriting; (2) "DRIVING WHILE UNDER INFLUENCE OF INTOXICAT[illegible]"; to the right of which "(500+75PF+35BA+18PA) 30 days" appears in handwriting; (3) "STOP OR YIELD SIGN," to the right of which appears "(20+18PA)" in handwriting; (4)

3

"DRIVERS MUST BE LICENSED," to the right of which "(25+18PA)" appears in handwriting; and (5) "EXPIRED PLATES," to the right of which "(25+18)" appears in handwriting.

At the top of the following page are at least two signatures, maybe three. One signature has the word "Judge" printed underneath it. Although illegible, another appears to be similar, but it is unclear why a judge would sign the document twice. Although difficult to read, the second signature is not inconsistent with a stamped signature. Nowhere is there a signature that purports to be that of Appellant. At the bottom of the page is a certification by the purported clerk of the municipal court certifying that "this is a true and correct copy of the original document filed in the City of Hobbs Municipal Court on _____," but the date is blank. The date of the certification is August 7, 2008, weeks after the date of Appellant's arrest in Denton County, Texas. Nowhere does the purported judgment state that the defendant was tried to a jury or waived a jury trial, nor does it state that the defendant was advised of his right to counsel or waived his right to counsel.

State's Exhibit 5 contains a purported copy of another Hobbs, New Mexico municipal court judgment. The purported judgment indicates that on December 18, 1997, Appellant pled guilty to DWI, also in Hobbs. As with State's Exhibit 4, the purported judgment in State's Exhibit 5 contains unfilled blanks for the names of Appellant's attorney and of the attorney for the city.

4

In handwriting is a notation, "DWI–(500+75P[illegible]+65BA)–18PA)." Underneath is the handwritten notation, "[E]xpired license–(25+12PA)." A checkmark next to a typed line indicates that defendant had entered a plea of guilty and that "the court finds the defendant guilty of the following charges." In the blank next to the typed text is "DWI, Expired license" in handwriting. On that same page is a certification providing that "this is a true and correct copy of the original document filed in the City of Hobbs Municipal Court on _____." A signature by a person purporting to be the municipal clerk then appears, and underneath that a date of "8/7/08," again, weeks after Appellant's arrest in Denton County, Texas.

Another checkmark appears under a sentence stating, "IT IS THE SENTENCE of this Court that the defendant pay a fine to the City of Hobbs in the sum of 701 dollars ($701)." A signature of "Bill Fowler" fills a blank over "Judge" appearing near the bottom of the page. At the very bottom of the page, "Attorney" followed by a name appears in handwriting, but there is no indication who placed the notation on the document, when it was placed there, or what it means. Nowhere does the purported judgment state that the defendant was tried to a jury or waived a jury trial, nor does it state that the defendant was advised of his right to counsel or waived his right to counsel.

The third page of State's Exhibit 5 is a separate document that purports to be a waiver of counsel in the municipal court of Hobbs and that names Appellant as the defendant, but the document bears no cause number. Beneath the title of

the document, a typed notation provides, "(To be used only if, upon conviction, the defendant may be deprived of his liberty)."  No indication of the offense with which the person is charged appears, although the text states,

> I understand that I am charged with a felony offense(s): _____ (strike inapplicable words or parts) which (is) (are) (misdemeanor(s)) (felony(ies)) under the law and that if I am found guilty I can be given a severe punishment, including imprisonment in (the New Mexico State Penitentiary) (in the _____ (City) (County) jail) and a fine.

Nothing shows the case in which this purported waiver was entered, what Appellant was purportedly charged with, or the date on which he purportedly executed the document.  And, although text underneath the signature purported to be Appellant's states, "I find that the defendant, knowingly, voluntarily and intelligently with full awareness of his rights, has waived his right to counsel," this text is unaccompanied by any judge's signature or date in the corresponding blanks.  Additionally, a line providing, "Approval for District," also has a blank signature line.

Like the other pages in the exhibit, this page is also certified filed on an unknown date in the Hobbs municipal court.

Neither State's Exhibit 4 nor State's Exhibit 5 contains a fingerprint or a photograph of the defendant.  Both documents contain a date of birth for the defendant of March 8, 1974.

State's Exhibit 6 purports to be from the Texas Department of Public Safety.  The first two pages are certified on the third page.  Following the

6

certification are two additional pages. The State urged the trial court to consider the two additional pages. They contain a photograph of Appellant with a date of birth of February 8, 1974, but no fingerprints. A Texas driving record included in the exhibit shows an accumulation of points but no DWI conviction.

Phillips testified that the March 8, 1974 birthdates appearing on the Hobbs municipal court documents were "alias" dates of birth that Appellant used. Phillips gave no basis for this testimony.

Appellant objected to the admission of State's Exhibit 4 on the ground that the purported judgment was not entitled to a presumption of regularity because the record was silent about whether Appellant had waived his right to an attorney in that proceeding. He objected to State's Exhibit 5 on the grounds that the purported waiver of counsel was not approved by a judge and the record contained no finding by a judge that Appellant had voluntarily and intelligently waived his right to counsel. The trial court overruled Appellant's objections and admitted the exhibits into evidence outside the jury's presence. The trial court further ruled that Appellant would not be allowed to collaterally attack the convictions. That is, although the enhancement allegations were elements of the offense alleged, Appellant was not allowed to challenge the State's evidence.

The trial court allowed Appellant to make a bill of exceptions, and Appellant testified that he did not have an attorney in the New Mexico proceedings, that he did not have the money to hire an attorney, and that the trial judge in those cases did not admonish him about his right to an attorney or that

7

he could have an attorney appointed if he was indigent. Appellant testified that he did not recall ever seeing the waiver of counsel form and did not sign anything at either of his New Mexico court appearances. On cross-examination, Appellant testified that Barry Crutchfield, the name that the prosecutor stated appears on the bottom of the judgment in State's Exhibit 5, had represented him when he had been pulled over for driving with a revoked license but that Crutchfield did not represent him in either of the DWI cases. Appellant concluded his bill and again argued that he had the right to collaterally attack the judgments. The trial court declined to change its position, and Appellant moved for a mistrial, which the trial court denied.

When the State rested, Appellant moved for a judgment of acquittal, arguing that because the two purported New Mexico judgments were void, the State had failed to prove that there had been two prior convictions. The trial court denied Appellant's motion. Appellant then asked the court to allow him "to show that [he had] received an unfair trial" in the prior proceedings. The trial court sustained the State's objection that testimony to that effect was irrelevant and inadmissible.

During Appellant's testimony, his attorney questioned him about his representation and his guilt with respect to the New Mexico convictions. Appellant testified that he was guilty in "the first case" and that he did not challenge the accuracy of the judgment in "the first case" but that he was not guilty "[o]n the second case." Specifically, the following exchange occurred:

8

Q. Who was your lawyer?

A. Didn't have one.

[PROSECUTOR]: Objection, Your Honor, according to the Court's earlier ruling.

THE COURT: Sustained.

[DEFENSE COUNSEL]: It doesn't show a lawyer on here; is that correct, on this judgment?

[PROSECUTOR]: State objects. This is a violation of the Court's earlier ruling.

THE COURT: Sustained.

Q. [By DEFENSE COUNSEL] Mr. Gaddy, you pled guilty on these, didn't you?

A. No contest.

Q. Were you guilty, the first case?

A. The first case, yes.

Q. Were you driving a vehicle?

A. Yes.

Q. Now, this judgment's accurate though, right? You don't challenge it, do you?

A. No.

Q. On the second case were you guilty?

A. No.

Q. You're sitting in the car smoking a cigarette?

[PROSECUTOR]: Objection to getting outside the scope of what the defense is allowed to get into with collateral facts.

[DEFENSE COUNSEL]: Well, Your Honor[,] he is allowed to testify to his convictions, surely.

THE COURT: You're aware of the Court's rulings. . . .

[DEFENSE COUNSEL]: I am.

THE COURT: Then stay within those rulings.

[DEFENSE COUNSEL]: I am staying within those rulings.

[PROSECUTOR]: We would ask the jury be instructed to disregard the questions and the responses.

THE COURT: The jury is instructed to disregard the questions and the responses.

The State objected to Appellant's "getting outside the scope of what the defense is allowed to get into with collateral facts" and asked that "the jury be instructed to disregard the questions and the responses." The trial court sustained the State's objections and instructed the jury "to disregard the questions and the responses."

At the jury charge conference, Appellant requested that the jury be instructed that if it concluded that Appellant had not waived his right to an attorney with respect to the prior convictions, then it should not consider the prior judgments as evidence. The trial court did not include the requested instruction. The jury charge submitted instructed the jury that it should find Appellant guilty if it found beyond a reasonable doubt that he was driving while intoxicated on June 14, 2008, and that he "had been twice convicted of the offense of [DWI], to wit: (1) On the 23rd day of June, 1997, . . . [in] Hobbs County, [sic] New Mexico, and;

10

(2) On the 18th day of December, 1997, . . . [in] Hobbs County, [sic] New Mexico," although the indictment alleged that Appellant was previously convicted in the municipal court of Hobbs, New Mexico.

We take judicial notice that the city of Hobbs, New Mexico is in Lea County and that no such county as Hobbs County exists in New Mexico.

## II. The Enhancement Allegations

Appellant argues that State's Exhibits 4 and 5 were improperly admitted to prove prior convictions because there is no indication that he had an attorney, was properly admonished regarding his right to be represented by counsel, or knowingly or voluntarily waived his right to be represented by counsel. He also argues that the evidence is insufficient to support his felony DWI conviction because the evidence is insufficient to show that he was twice previously convicted of DWI in New Mexico as alleged in the indictment.

The State must prove each and every element of the offense charged beyond a reasonable doubt.[3] The offense of DWI enhanced by two previous DWI convictions becomes a third degree felony.[4] The two prior DWI convictions are jurisdictional elements of a felony DWI offense, and they must be proved as

---

[3]*Butler v. State*, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989), *overruled on other grounds by Geesa v. State*, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991), *overruled on other grounds by Paulson v. State*, 28 S.W.3d 570, 571 (Tex. Crim. App. 2000).

[4]Tex. Penal Code Ann. § 49.09(b)(2) (Vernon Supp. 2010).

11

alleged to obtain a felony DWI conviction.[5] A prior DWI accusation that has not resulted in a final conviction may not be used as a jurisdictional enhancement to elevate DWI to a felony offense.[6]

A defendant in a criminal case may collaterally attack a prior misdemeanor conviction as void, but not voidable,[7] even if the sentence was probated.[8] Additionally, when, as here, a prior DWI conviction is alleged as an element of the offense of felony DWI, the State bears the burden of proving each and every element of its allegations beyond a reasonable doubt. A defendant has the right to put the State to its proof and to challenge the evidence offered by the State. The Texas Court of Criminal Appeals reminds us that "[p]roof of the misdemeanor conviction being an essential element of the felony driving while intoxicated conviction, it follows that the felony conviction is also void. The petitioner's conviction . . . cannot be permitted to stand since a prior void felony conviction was utilized."[9]

---

[5] *Barfield v. State*, 63 S.W.3d 446, 448 (Tex. Crim. App. 2001).

[6] *State v. Wilson*, 288 S.W.3d 13, 16 (Tex. App.—Houston [1st Dist.] 2008), *aff'd*, 324 S.W.3d 595 (Tex. Crim. App. 2010).

[7] *Rhodes v. State*, 240 S.W.3d 882, 887 (Tex. Crim. App. 2007); *New v. State*, 583 S.W.2d 781, 782 (Tex. Crim. App. 1979).

[8] *Tatum v. State*, 846 S.W.2d 324, 327 (Tex. Crim. App. 1993); *see also Ex parte Harrington,* 310 S.W.3d 452, 456–57 (Tex. Crim. App. 2010).

[9] *Ex parte Woodard*, 541 S.W.2d 187, 188 (Tex. Crim. App. 1976).

Although the State has some latitude in the method by which it may prove the prior DWI convictions for the purpose of enhancing a misdemeanor DWI to a felony, the State must, nevertheless, prove the existence and finality of the prior convictions beyond a reasonable doubt. The only evidence that Appellant was finally convicted in New Mexico in two separate cases of an offense that Texas would classify as DWI is the documents that the State offered from the Hobbs, New Mexico municipal court, the Texas driving record, Appellant's testimony (much of which the court held inadmissible and instructed the jury not to consider), and the testimony of the State's investigator. No evidence was admitted concerning New Mexico law.

To support a conviction of felony DWI by using foreign DWI convictions for enhancement, the State must prove the foreign DWI statute is essentially the same as that of Texas. As the Texas Court of Criminal Appeals has explained,

> When a foreign conviction is involved, in absence of proof of the laws of the other state, this Court will presume that its law is the same as that of the State of Texas. In fact, in *McKinney v. State*, we applied such a presumption to the law of Kansas regarding juvenile offenders in absence of any contrary proof.
>
> When an out of state pen packet has been introduced as evidence of [a] prior criminal record at the punishment phase, the State, as proponent of evidence must establish, either by proof, or request that the trial court take judicial notice of, what our sister state considers sufficient documentary proof of a final conviction. In absence of such evidence or judicial notice, we will presume Kansas and Texas law is the same.[10]

---

[10]*Langston v. State*, 776 S.W.2d 586, 587–88 (Tex. Crim. App. 1989) (internal citations omitted).

13

The Texas Court of Criminal Appeals relaxed this holding to some extent in *Flowers v. State,*[11] citing rule 902(4) of the rules of evidence and pointing out that rule 902 permits computer printouts under certain circumstances:

> Further, in this modern era of computer-stored data, electronic files, and "paperless" court records, the day may come in which written judgments are largely obsolete. For this reason, Rule 902 of the Texas Rules of Evidence explicitly allows for the self-authentication of certified copies of public records, "including data compilations in any form certified as correct" by their custodian. A computer-generated compilation of information setting out the specifics of a criminal conviction that is certified as correct by the county or district clerk of the court in which the conviction was obtained is admissible under Rule 902.[12]

Although evidentiary rule 902 permits computer printouts under certain circumstances, those circumstances do not apply to the case now before this court. The documents in the challenged exhibits purport to be records of something that occurred in municipal court. The documents mention traffic violations but are so deficient that we cannot tell what they are or what events they seek to memorialize, if, indeed, they do.

---

[11]220 S.W.3d 919 (Tex. Crim. App. 2007).

[12]*Id.* at 922–23 (footnotes omitted); *see also id.* at 923 n.14 (distinguishing *Langston* because it concerned the admission of a pen packet and explaining that a "pen packet custodian cannot attest to the correctness" of "the original judgment or data compilation relating to a defendant's . . . conviction").

Importantly, under Texas law, municipal courts have no jurisdiction over DWI offenses.[13] Municipal courts in Texas have jurisdiction only over criminal cases that are punishable by fine only and not by incarceration.[14] An initial misdemeanor DWI, absent an open container, is a Class B misdemeanor and is punishable by incarceration.[15]

Jurisdiction of misdemeanor DWI properly lies in county court.[16] The Texas Code of Criminal Procedure provides, "The county courts shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed five hundred dollars."[17] Because we presume that New Mexico law is the same as Texas law, a defendant cannot be lawfully convicted of DWI in a municipal court.[18]

---

[13]*See* Tex. Code Crim. Proc. Ann. art. 4.14 (Vernon Supp. 2010); Tex. Gov't Code Ann. § 29.003 (Vernon Supp. 2010); *Tex. Dep't of Pub. Safety v. Hamilton*, 304 S.W.2d 719, 722 (Tex. App.—Eastland), *writ ref'd n.r.e.*, 157 Tex. 616, 306 S.W.2d 712 (1957); *see also State v. Xoticas-Laredo, Inc.*, No. 04-03-00584-CR, 2004 WL 33054, at *1 (Tex. App.—San Antonio Jan. 7, 2004, no pet.) (mem. op., not designated for publication) (holding that municipal court lacked jurisdiction over violation of municipal ordinance regulating sexually oriented business because punishment included confinement).

[14]Tex. Code Crim. Proc. Ann. art. 4.14.

[15]Tex. Penal Code Ann. § 49.04(b).

[16]Tex. Code Crim. Proc. Ann. art. 4.07 (Vernon 2005).

[17]*Id.*

[18]*See Langston*, 776 S.W.2d at 587–88.

It is well established law that jurisdiction cannot be created by waiver or by agreement.[19] As the Texas Court of Criminal Appeals has explained,

> The void judgment exception recognizes that there are some rare situations in which a trial court's judgment is accorded no respect due to a complete lack of power to render the judgment in question. A void judgment is a "nullity" and can be attacked at any time. If the original judgment imposing probation was void, then the trial court would have no authority to revoke probations, since, with no judgment imposing probation (because it is a nullity), there is nothing to revoke. . . .
>
> But a judgment is void only in very rare situations—usually due to a lack of jurisdiction. In civil cases, a judgment is void only when there was "no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter a particular judgment, or no capacity to act as a court." This rule is essentially paralleled in criminal cases. A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, [and] (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law . . . .[20]

Although State's Exhibits 4 and 5 contain a sheet designated "Complaint," there is no charging instrument that complies with Texas law. This is not to say that the State must offer the charging instrument in order to prove the legitimacy of a lawful judgment. But under Texas law, a valid information is a prerequisite to

---

[19] *Puente v. State*, 71 S.W.3d 340, 343 (Tex. Crim. App. 2002); *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex. Crim. App. 1980) (orig. proceeding).

[20] *Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001) (footnotes omitted).

prosecution of misdemeanor DWI.[21]  An "information" is a written statement filed and presented on behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted.[22]  The requisites of a valid information are statutory, but the requirement of the information for the purpose of conferring jurisdiction and providing sufficient notice to the defendant is constitutional.[23]

An information is sufficient if it has the following requisites:

1.  It shall commence, "In the name and by authority of the State of Texas";

2.  That it appear to have been presented in a court having jurisdiction of the offense set forth;

3.   That it appear to have been presented by the proper officer;

4.  That it contain the name of the accused, or state that his name is unknown and give a reasonably accurate description of him;

5.  It must appear that the place where the offense is charged to have been committed is within the jurisdiction of the court where the information is filed;

6.  That the time mentioned be some date anterior to the filing of the information, and that the offense does not appear to be barred by limitation;

7.  That the offense be set forth in plain and intelligible words;

---

[21]Tex. Const. art. V, § 17; *Bender v. State,* 171 Tex. Crim. 628, 353 S.W.2d 39, 39 (Tex. Crim. App. 1962).

[22]Tex. Code Crim. Proc. Ann. art. 21.20 (Vernon 2009).

[23]Tex. Const. art. V, § 12(b); Tex. Code Crim. Proc. Ann. art. 21.21.

8. That it conclude, "Against the peace and dignity of the State"; and

9. It must be signed by the district or county attorney, officially.[24]

A valid information must be based upon a sworn complaint:

No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense. The affidavit shall be filed with the information. It may be sworn to before the district or county attorney who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths.[25]

The purported complaints in State's Exhibits 4 and 5 contain no jurat or any other writing that would comply with the Texas requirement of an affidavit.

Nothing in the record suggests that New Mexico law is different from that of Texas; we therefore presume that they are the same.[26] We cannot conclude from the documents that Appellant was properly convicted in New Mexico of DWI.

Nor do the New Mexico documents satisfy the requirements of Texas law regarding the form and contents of a judgment in a criminal case or waiver of counsel in a criminal case:

Sec. 1. A judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant. The sentence served shall

---

[24]Tex. Code Crim. Proc. Ann. art. 21.21.

[25]*Id.* art. 21.22.

[26]*See Langston*, 776 S.W.2d at 587–88.

be based on the information contained in the judgment. The judgment shall reflect:

1. The title and number of the case;

2. That the case was called and the parties appeared, naming the attorney for the state, the defendant, and the attorney for the defendant, or, where a defendant is not represented by counsel, that the defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel;

3. The plea or pleas of the defendant to the offense charged;

4. Whether the case was tried before a jury or a jury was waived;

5. The submission of the evidence, if any;

6. In cases tried before a jury that the jury was charged by the court;

7. The verdict or verdicts of the jury or the finding or findings of the court;

8. In the event of a conviction that the defendant is adjudged guilty of the offense as found by the verdict of the jury or the finding of the court, and that the defendant be punished in accordance with the jury's verdict or the court's finding as to the proper punishment;

9. In the event of conviction where death or any punishment is assessed that the defendant be sentenced to death, a term of confinement or community supervision, or to pay a fine, as the case may be;

10. In the event of conviction where the imposition of sentence is suspended and the defendant is placed on community supervision, setting forth the punishment assessed, the length of community supervision, and the conditions of community supervision;

11. In the event of acquittal that the defendant be discharged;

12. The county and court in which the case was tried and, if there was a change of venue in the case, the name of the county in which the prosecution was originated;

13. The offense or offenses for which the defendant was convicted;

14. The date of the offense or offenses and degree of offense for which the defendant was convicted;

15. The term of sentence;

16. The date judgment is entered;

17. The date sentence is imposed;

18. The date sentence is to commence and any credit for time served;

19. The terms of any order entered pursuant to Article 42.08 of this code that the defendant's sentence is to run cumulatively or concurrently with another sentence or sentences;

20. The terms of any plea bargain;

. . .

22. The terms of any fee payment ordered under Article 42.151 of this code;

23. The defendant's thumbprint taken in accordance with Article 38.33 of this code;

. . .

Sec. 2. The judge may order the prosecuting attorney, or the attorney or attorneys representing any defendant, or the court clerk under the supervision of an attorney, to prepare the judgment, or the court may prepare the same.

Sec. 3.  The provisions of this article shall apply to both felony and misdemeanor cases.[27]

The purported New Mexico judgments are wholly inadequate under Texas law.

The State argues that we must hold the evidence of Appellant's prior DWI convictions to be sufficient because he admitted that he was the person convicted in the Hobbs municipal court in both cases, that the convictions were final, and that he was guilty in one case.  That is, the State argues that his acquiescence to "this judgment's accurate though, right?  You don't challenge it, do you?" is sufficient to connect Appellant to the Hobbs offenses.  Appellant argues that neither the judgments nor any other document reflects any waiver of attorney or of a jury trial and offered uncontroverted evidence at trial that he waived neither.

We do not understand Appellant to be challenging the sufficiency of the connection of the Hobbs purported judgments to him.  We understand his argument to be that the convictions are void.  We also note, however, that the trial court sustained the State's objection to the testimony the State now relies on and instructed the jury to disregard it.  It therefore does not constitute admitted evidence.

---

[27]Tex. Code Crim. Proc. Ann. art. 42.01 (Vernon Supp. 2010).

"It is well settled that criminal defendants in misdemeanor cases are entitled to counsel if there exists a possibility that imprisonment may be imposed."[28] Deprivation of the constitutional right to counsel renders a prior misdemeanor DWI conviction void.[29] The Texas Court of Criminal Appeals has noted that there are limited situations in which a judgment is void; among them is the situation that occurs when "an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of *Gideon v. Wainwright.*"[30]

The Texas Court of Criminal Appeals has also spoken of the importance of jury waivers: A defendant's absolute right to jury trial is guaranteed by the federal constitution, the state constitution, and statutory law.[31] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury."[32] "The right of trial by jury shall remain inviolate."[33] "As a matter

---

[28]*Empy v. State*, 571 S.W.2d 526, 527 (Tex. Crim. App. 1978) (relying on, among other authorities, *Argersinger v. Hamlin*, 407 U.S. 25, 92 S. Ct. 2006 (1972)).

[29]*Woodard*, 541 S.W.2d at 188.

[30]*Smith v. State*, 309 S.W.3d 10, 17–18 (Tex. Crim. App. 2010) (citation omitted) (quoting *Nix*, 65 S.W.3d at 668).

[31]*Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009); *see also* U.S. Const. amend. VI; Tex. Const. art. I, § 15; Tex. Code Crim. Proc. Ann. art. 1.12 (Vernon Supp. 2010).

[32]U.S. Const. amend. VI; *Hobbs,* 298 S.W.3d at 197 n.4.

of federal constitutional law, the State must establish, on the record, a defendant's express, knowing, and intelligent waiver of jury trial."[34]  Article 1.13 of the Texas Code of Criminal Procedure provides the requisites for a jury trial waiver in Texas:

> The defendant in a criminal prosecution . . . shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State.[35]

Appellant argues that waiver of counsel cannot be presumed from a silent record, relying on *Burgett v. Texas.*[36]  Of course, a salient question is what constitutes a silent record.  It is not simply a matter of determining whether the State produces the actual waivers in seeking to prove a prior conviction for enhancement purposes.  Rather, we first look to the State's proof of a valid judgment to determine whether the State has presented evidence that is entitled to a presumption of regularity.[37]  If it has, the burden shifts to the party challenging the validity of the alleged prior conviction.[38]  If the evidence offered is

---

[33]Tex. Const. art. I, § 15; Tex. Code Crim. Proc. Ann. art. 1.12 (Vernon 2005); *Hobbs,* 298 S.W.3d at 197 n.4.

[34]*Hobbs,* 298 S.W.3d at 197.

[35]Tex. Code Crim. Proc. Ann. art. 1.13 (Vernon 2005).

[36]389 U.S. 109, 114–15, 88 S. Ct. 258, 262 (1967).

[37]*Breazeale v. State,* 683 S.W.2d 446, 450–51 (Tex. Crim. App. 1984).

[38]*Id.*

23

not entitled to a presumption of regularity, or if the evidence does not state whether there has been waiver, the burden does not shift but remains with the proponent of the evidence.[39]  The Texas Court of Criminal Appeals has explained the interplay between the presumption of regularity and the burden of proving waiver of a statutory or constitutional right:

> [I]n *Samudio v. State*, where the defendant was convicted of a misdemeanor offense, the formal judgment in that cause only contained the following recitation:  "No jury having been demanded . . . [.]"  This Court agreed with the decision of the court of appeals in that cause that this recitation was insufficient to establish that the defendant had waived his right to trial by jury.  *Samudio*, however, emphatically distinguished between the absence in the record of a demand for a jury trial *and* an affirmative waiver thereof, and held that such could be challenged on direct appeal.  Because of the difference in the wording of the judgments in the causes before us, and the judgment in *Samudio*, *Samudio* is inapplicable to this cause.
>
> The recitation in the judgments of these causes complies with the provisions of Art. 42.01, which defines the legal term "judgment," and what should be placed in the formal judgment.
>
> . . . .
>
> . . . [T]his Court will indulge every presumption in favor of the regularity of the documents in the trial court.  This means that the recitations in the records of the trial court, such as a formal judgment, are binding in the absence of direct proof of their falsity.  In this instance, neither appellant has ever attacked or challenged the truthfulness of the recitation that is found in each of their formal judgments.  They rely in support of their contention, that they did not formally waive a trial by jury, on the absence of any such document in their respective appellate record.  This, of course, is insufficient to overcome the presumption that the recital in a formal judgment, that

---

[39]*Id.*

24

the defendant formally waived his right to trial by jury is true, and that such presumption attains until and unless the contrary is made to appear.

While it is true that a silent record cannot support a presumption that the defendant formally waived his right to trial by jury, it is equally certain that the formal judgment of the trial court carries with it a presumption of regularity and truthfulness, and such is never to be lightly set aside.[40]

Additionally, article 1.051(f) of the code of criminal procedure requires that waiver of counsel in a case in which incarceration is a possibility be in writing.[41]

That statute also sets out the requirements of the written waiver:

(g) If a defendant wishes to waive the right to counsel for purposes of entering a guilty plea or proceeding to trial, the court shall advise the defendant of the nature of the charges against the defendant and, if the defendant is proceeding to trial, the dangers and disadvantages of self-representation. If the court determines that the waiver is voluntarily and intelligently made, the court shall provide the defendant with a statement substantially in the following form, which, if signed by the defendant, shall be filed with and become part of the record of the proceedings:

"I have been advised this _____ day of _____, 2 ____, by the (name of court) Court of my right to representation by counsel in the case pending against me. I have been further advised that if I am unable to afford counsel, one will be appointed for me free of charge. Understanding my right to have counsel appointed for me free of charge if I am not financially able to employ counsel, I wish to waive that right and request the court to proceed with my case

---

[40]*Id.* (citations omitted).

[41]Tex. Code Crim. Proc. Ann. art. 1.051(f) (Vernon Supp. 2010).

without an attorney being appointed for me. I hereby waive my right to counsel. (signature of defendant)[.]"[42]

Appellant's testimony that no such warning occurred is uncontroverted. There is no evidence that the trial court made the required finding, and there is no evidence that Appellant was represented by counsel in the Hobbs, New Mexico municipal court. The purported judgments, in fact, support Appellant's testimony that he was not represented by counsel because the portion of the document relating to counsel is blank.

The State argues that none of this is of any importance because Appellant did not "preserve and present the reporter's records of the New Mexico proceedings." Again, no one offered proof of New Mexico law, and we have not been asked to take judicial notice of New Mexico law. We therefore presume that it is the same as Texas law, which has been discussed by our sister court in Texarkana:

> A municipality may choose to have either a "municipal court" or a "municipal court of record," but not both. A primary distinction between these types of municipal courts is that a "municipal court" established under Section 29.002 of the Texas Government Code is not a court of record. Thus, an appeal from such a municipal court is necessarily by trial de novo because there is no "trial record" for the county court to consider on appeal.[43]

---

[42] *Id.* art. 1.051(g).

[43] *Tex. Vital Care v. State*, 323 S.W.3d 609, 610 n.2 (Tex. App.—Texarkana 2010, no pet.) (citations omitted).

26

We note that the record before us includes an indication that, under Texas law, the Hobbs municipal court is not a court of record. The purported judgment in each case advises the defendant that "YOU MAY HAVE A NEW TRIAL IN THE DISTRICT COURT BY FILING A NOTICE OF APPEAL WITHIN 15 DAYS FROM THE DATE OF ENTRY OF THIS JUDGMENT AND SENTENCE." Under Texas law, appeals from municipal courts of record are appeals on the record only. Appeals from municipal courts, as opposed to municipal courts of record, are trials de novo.[44]

Nevertheless, the face of the judgment is presumed to speak the truth unless rebutted.[45] Each judgment shows that Appellant's lawyer was _____. If we take the recitations of the purported judgments as true, Appellant was not represented by counsel and there is no statement that he waived a jury trial. Nothing in the purported judgments suggests that he was advised of his right to counsel or to a jury trial or that he waived those rights. The sole document that purports to be a waiver of counsel does not comply with Texas law. Additionally, not only do the purported judgments in the case now before this court fail to contain the statement required in Texas judgments regarding the right to trial by jury: "Whether the case was tried before a jury or a jury was waived," the form used for both purported judgments does not contain a

---

[44] *See id.*

[45] *See Breazeale,* 683 S.W.2d at 450–51.

27

provision for any jury trial at all. It provides only for a court's determination of guilt on a plea of guilty, not guilty, or nolo contendere.

The issue in this case is not whether the State sufficiently connected the purported Hobbs municipal judgments to Appellant; the issue is whether the purported judgments are sufficient to satisfy the requirements of section 49.09(b)(2).[46]

Based on all the above, we hold that the State did not satisfy its burden of proving either alleged prior New Mexico DWI conviction beyond a reasonable doubt. We sustain Appellant's second issue.

## III. Disposition

The State proved the underlying Denton County, Texas, misdemeanor DWI, and Appellant does not challenge the sufficiency of the evidence to support that conviction except as to the enhancement allegations. In a case in which the appellant was convicted of an offense and the appellate court determines that the evidence is insufficient to support the conviction for that offense but sufficient to support a conviction for a lesser included offense, the appellate court lacks authority to modify the judgment *unless* (1) the jury was instructed on the lesser included offense at trial or (2) one of the parties requested an instruction on the

---

[46]Tex. Penal Code Ann. § 49.09(b)(2).

28

lesser included offense and the request was denied.[47]   Appellant argues that because the jury was not instructed on the lesser included offense of misdemeanor DWI, we must enter a verdict of acquittal.

During the charge conference at the guilt phase of the trial, the following exchange occurred:

> [DEFENSE COUNSEL]: The Judge of the Court has an obligation to provide a[n] instruction to the jury that is in compliance with the law.  The proposed Charge of the Court that I've been given fails in a number of things.
>
> The first is that it has a general verdict on the back, guilty or not guilty.  The Court actually poses a burden on the State in a DWI trial to prove prior convictions beyond a reasonable doubt.  All the indictment shows is a misdemeanor offense of driving while intoxicated, which would have to have enhancement.  If you were pleading to this, you would ask them as to the enhancement charges:  How do you plead:  True or untrue?  It's done every day.  To the enhancement:  How do you plead:  True or untrue?  Because that's necessary, two different parts.
>
> The instructions we've been given here contains instructions about, A, the DWI portion of the trial, and then—and then if you further find 1 and 2 on these indictments.  You do not give the jury a form to find 1 or 2 as true, and that is the fundamental flaw of this charge.  And if they do not find true on 1 or 2 as raised by the evidence in this case, then there would be a lesser-included offense of misdemeanor DWI.
>
> So by finding him guilty on the final verdict here, you're telling them you've got to find these are true, but you do not give them the opportunity to say untrue.  And they could find untrue on that but guilty of DWI.

---

[47] *Haynes v. State*, 273 S.W.3d 183, 184–85 (Tex. Crim. App. 2008); *Herrin v. State*, 125 S.W.3d 436, 443–45 (Tex. Crim. App. 2002).

29

THE COURT: Your response?

[PROSECUTOR]: These are not enhancement paragraphs, but jurisdictional prayers. I believe it's proper to include them this way in an application paragraph because we are required to prove the prior convictions beyond a reasonable doubt.

[DEFENSE COUNSEL]: I don't disagree with that.

[PROSECUTOR]: And leave it to the Court's discretion as to whether or not a lesser-included would be in the Jury Charge.

However, Defendant took the stand, he admitted he was the same person convicted of both of those. So I don't think we have evidence that would support a lesser-included.

[DEFENSE COUNSEL]: The problem with this is: They have introduced evidence which does not show waiver of a trial by jury. It does not show he had a lawyer. And the jury may say, we don't care about this. It's within their purview to say, We don't find the evidence is sufficient to convince us. I don't care if he got up here and said, Yeah, I was the guy that did it or not. They might still find the other way.

There is no such thing as to instruct a verdict of guilty which is what she's asking you to do here. That's my objection to the Charge and the general Verdict Form.

The question presented is whether Appellant's objecting that the jury was not given the opportunity to determine whether the individual jurisdictional enhancement allegations were true or not true was, as the State now suggests, a request for an instruction on the lesser included offense of misdemeanor DWI. Nowhere below did Appellant specifically request a charge on misdemeanor DWI, and his two rejected written requests for instructions concern the two enhancements, not a request for an instruction on a lesser included misdemeanor DWI. The State responded to Appellant's objections below that

30

the prior DWIs were not alleged as traditional enhancement allegations but as jurisdictional prerequisites. The State also did not request an instruction on a lesser included misdemeanor DWI but in fact stated that such an instruction would be in the trial court's discretion and that the evidence would not support it. We therefore hold that neither party requested a jury instruction of misdemeanor DWI.

Accordingly, because an instruction on Class B misdemeanor DWI was neither requested nor given, we reverse the trial court's judgment and render judgment of acquittal.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, WALKER, and GABRIEL, JJ.

GABRIEL, J. filed a concurring opinion in which WALKER, J. joins.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 19, 2011



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-09-00347-CR

JEROMY GADDY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

----------

## CONCURRING MEMORANDUM OPINION[1] ON STATE'S PETITION FOR DISCRETIONARY REVIEW

----------

Appellant collaterally attacked foreign convictions alleged by the State to enhance a driving while intoxicated (DWI) offense to a felony and to invoke the district court's jurisdiction. By doing so, Appellant had the burden to show that they cannot be used for enhancement. *Tate v. State*, 120 S.W.3d 886, 888 (Tex.

---

[1]*See* Tex. R. App. P. 47.4.

App.—Fort Worth 2003, no pet.). The narrow issue in this case is whether he has met his burden. I concur because I agree that he has.

No evidence of New Mexico law was introduced in this case so we presume Texas law applies. *See Langston v. State*, 776 S.W.2d 586, 587 (Tex. Crim. App. 1989); *Acosta v. State*, 650 S.W.2d 827, 828 (Tex. Crim. App. 1983). Article 42.01 of the Texas Code of Criminal Procedure sets forth what should be shown in a judgment. Tex. Code Crim. Proc. Ann. art. 42.01 (Vernon Supp. 2010); *Acosta*, 650 S.W.2d at 828. Among the things to be reflected are the names of the attorneys for the State and the defendant and, if the defendant is not represented by any counsel, "that the defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel." Tex. Code Crim. Proc. Ann. art. 42.01, § 1(2); *Acosta*, 650 S.W.2d at 828. Also, the waiver of a jury is to be reflected in the judgment. Tex. Code Crim. Proc. Ann. art. 42.01, § 1(4); *Acosta*, 650 S.W.2d at 828.

It is well settled that an appellant's testimony, standing alone, is insufficient to show that he neither had nor waived representation by counsel. *Disheroon v. State*, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985). In *Disheroon*, the court of criminal appeals held that the "'appellant's testimony alone was not sufficient to disprove the recitations in court papers proffered by the State.'" *Id.* (quoting *Maddox v. State*, 591 S.W.2d 898, 902 (Tex. Crim. App. 1979), *cert. denied*, 447 U.S. 909 (1980)). This case is unlike either *Disheroon* or *Maddox* because Appellant's testimony was not offered to disprove the recitations in the New

2

Mexico judgments. Appellant's testimony did not stand alone but instead was supported by the fatal inadequacies apparent from the documents themselves that were offered by the State to prove the prior convictions.

State's Exhibit 4 fails on its face to meet the requirements of article 42.01 because it does not include the name of the attorneys for either the prosecution or the defense; does not state whether the defendant knowingly, intelligently, and voluntarily waived his right to counsel; and does not state whether the defendant waived his right to a jury trial. *See* Tex. Code Crim. Proc. Ann. art. 42.01, § 1(2), (4). The document is shockingly inadequate and, together with Appellant's testimony that he was not represented by counsel, is evidence that he was without counsel at the time he entered his plea.

State's Exhibit 5 is similarly deficient. It consists of three pages, which the State's attorney represented to the trial court were attached to each other. The first page is entitled "Judgment and Sentence (Commitment or Probation)." It has blanks where the names of the prosecuting attorney and any defense attorney should appear. No waiver of counsel or waiver of jury trial appears on its face. *See id.* The second page is an unnumbered criminal complaint. The third page is entitled "Waiver of Counsel." It is essentially a blank check in that it has no case number, identifies no offense, and has a blank space for a judge's signature below the words, "I find that the defendant, knowingly, voluntarily and intelligently with full awareness of his rights, has waived his right to counsel."

Again, the document itself buttresses Appellant's testimony that he had no lawyer when he entered his plea.

The United States Supreme Court has held it impermissible to presume waiver of counsel from a silent record: "The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S. Ct. 884, 890 (1962). And, as pointed out by the State in its petition for discretionary review, in *Tate* we held that a defendant collaterally attacking a judgment based on the absence of a jury waiver could meet his burden by introducing the entire record from the prior conviction. *Tate*, 120 S.W.3d at 890. Citing *Tate*, the State writes, "Even the Fort Worth Court of Appeals has held that an appellant who fails to present the entire record of the out-of-state proceeding has not met his burden of proof." This, however, cuts our holding short. What we actually wrote in *Tate* was the following: "Because appellant failed to introduce the entire record from the prior conviction *or any evidence that he did not waive his right to a jury trial*, he failed to meet his burden." *Id.* (emphasis added).

The record in this case establishes that Appellant met his burden of proof to show by his testimony and, most convincingly, by the documents themselves that these judgments fail to meet the requirements of the Texas Code of Criminal Procedure. The prior convictions are elements of felony DWI, which the State must prove at trial. *Barfield v. State*, 63 S.W.3d 446, 448 (Tex. Crim. App. 2001);

4

*Alami v. State*, 333 S.W.3d 881, 891 (Tex. App.—Fort Worth 2011, no pet.). The State's evidence is insufficient. For these reasons I respectfully concur in the original holding in this case.

LEE GABRIEL
JUSTICE

WALKER, J. joins.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 19, 2011